THE WIDOW AND HEIRS OF BENJAMIN POYDRAS DE LA LANDE, PLAINTIFFS IN ERROR, *v.* THE TREASURER OF THE STATE OF LOUISIANA.

Where a proceeding was instituted in Louisiana, in the name of the treasurer of the State, to recover a tax imposed upon property inherited by aliens, a citation served upon that officer was sufficient. He was the "adverse party," under the judiciary act.

The tenth rule of this court, directing process to be served upon the chief executive magistrate and attorney-general, applies to those cases only in which the State is a party on the record. When an officer of the State is the party prosecuting the suit for the State, the citation must be served on him.

THIS case was brought up from the supreme court of the State of Louisiana, by a writ of error, issued under the 25th section of the judiciary act.

*Mr. Dunbar* moved the court to allow him to strike out his appearance for the State of Louisiana; and further moved the court to dismiss the case, on the ground that no process had been issued against, or served on, the chief executive magistrate and attorney-general of the State of Louisiana, under the 10th rule of this court.

*Mr. Janin* opposed the motion.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case is brought here by writ of error directed to the supreme court of the State of Louisiana, under the 25th section of the act of 1789.

Poydras de la Lande *v.* The Treasurer of Louisiana.

It appears that a proceeding was instituted in the state court by the treasurer of the State to recover certain taxes, alleged to be due from the plaintiffs in error, under a law of Louisiana, which imposes a tax of ten per cent. upon the amount of property inherited by aliens in that State.

The payment of the tax was resisted by the plaintiffs in error; but the case was finally decided against them in the supreme court of Louisiana; and they thereupon brought this writ of error, upon the ground that the authority exercised under the state law was contrary to the constitution and treaties of the United States.

The citation required by the act of 1789, was served on the treasurer, by whom and in whose name, as treasurer, the proceedings had been instituted and conducted, and in whose favor the judgment was entered.

A motion is now made to dismiss this writ of error, upon the ground that the State is the real party to the suit, in the name of the treasurer; and that the citation ought, therefore, to have been served on the chief executive magistrate and attorney-general of the State, according to the provisions of the 10th rule of this court.

But that rule applies to those cases only in which the State is a party on the record. It is intended to point out the officers who shall be held to represent the State when process is issued against it, so far as the service of the process is concerned. The only mode in which a State can be cited to appear, is by serving the process on some one or more of its officers; and those above named in the rule were considered by the court to be its appropriate representatives, in a summons or citation to appear in this court.

But the citation must be directed to the party on the record, and served on him. And when an officer of the State is the party prosecuting the suit for the State, the citation must be served on him. In this case, a notice or citation on the chief executive officer or attorney-general would not be sufficient; for the treasurer is the person who has obtained the judgment, and has the right to receive the money. He is the actor — the plaintiff in the suit. And the chief executive officer and attorney-general do not represent him, and may or may not support his proceedings.

This rule of practice has been uniformly followed in this court. There have been many cases in which an officer of the State, acting in behalf of the State, has been one of the parties. And the 10th rule has never been applied to a case of that kind; and the citation has always been served on the officer, whether conducting the proceedings in his own name, or that

of his office. The practice is founded upon the language of the act of 1789, c. 20, which directs the " adverse party" to be cited, on a writ of error or appeal. The " adverse party" is the one which appeared in the suit, and who prosecuted or defended it, and in whose favor the judgment was rendered, which the plaintiff in the writ of error seeks to reverse.

The motion to dismiss this writ of error must, therefore, be overruled.

## Order.

On consideration of the motion made by *Mr. Dunbar*, to dismiss this cause on a prior day of the present term, to wit, on Friday, the 19th instant, and of the arguments of counsel thereupon, had as well against as in support thereof, it is now here ordered by the court that the said motion be, and the same is, hereby overruled.