## SUPREME COURT.

### Beni Utter agt. George Gifford.

In an action for *trespass on lands,* where the plaintiff recovers a verdict *for any amount*—($50 or under)—he is entitled to *recover costs* under the Revised Statutes, (2 *R. S.,* 613, § 3,) which has not been repealed by the Code.

Where the *answer* in such action *admitted that the premises were the premises of the plaintiff,* and averred that the defendant entered upon said premises of plaintiff by the *leave and license* of the plaintiff, and the jury found a verdict for plaintiff of $45 damages, and that the trespass was casual and involuntary,

*Held,* that the *question of title did not arise on the pleadings,* and the plaintiff was entitled to recover *costs.*

*Albany General Term, December,* 1862.
Hogeboom, Miller and Peckham, *Justices.*

The complaint alleges that at certain times therein mentioned, the defendant, by himself and agents, &c., broke and entered plaintiff's close, in town of Durham, Greene county, and then and there cut down trees and timber of plaintiff, growing thereon, and exposing standing timber to the wind so that it was liable to be blown down and injured. The defendant's answer, first, admitted expressly that the land and premises were the premises of plaintiff. Second, that the defendant entered upon said premises of plaintiff by the leave and license of plaintiff. The jury found a verdict for plaintiff for $45 damages. The jury also found that the trespass was casual and involuntary, as provided by statute. The justice who tried the cause granted an order allowing plaintiff to recover costs. From that order defendant appealed to this court.

Lawrence Falk, *for defendant.*

I. The plaintiff, having recovered less than fifty dollars, is not entitled to costs under section 304 of Code.

1. A justice of the peace having jurisdiction to the
Vol. XXV.          19

amount of $200, the plaintiff cannot recover costs in this court. (*Code*, § 304, *sub.* 3 ; *Code*, § 54 ; 9 *Cow. R.*, 692.)

II. The question of title did not arise upon the pleadings.

1. Because the defendant expressly admitted, in his answer, that the land and premises were the land and premises of plaintiff.

2. The defendant, for second ground of answer, merely plead a leave and license to enter and do what he did.

III. Clearly the plaintiff's title is not disputed in this case, but, on the contrary, expressly admitted by answer. The title is not therefore put in issue.

IV. The issue was upon the leave and license, which does not present a " claim of title to real property." (20 *Barb. S. C. R.*, 311 ; 4 *Sand. S. C. R.*, 638 ; 4 *Sand.*, 637 ; *O'Reilly* agt. *Davies*, 4 *Sand. S. C. R.*, 722.) In this case it was an action for trespass, for entering and taking away rock and stone from plaintiff's land. The defendant set up in his answer, that he entered pursuant to a contract by which he was to blast and remove the rock to enable plaintiff to erect houses on the land, and was to have the rock as a part of his compensation. It was held that " a claim of title to real property" did not arise on the pleadings, and the defendant recovered costs, because plaintiff recovered less than fifty dollars damages. It was also held that where the answer does not traverse plaintiff's possession of title, he is not put to prove his title, although the land be wild and vacant. Court say that the statement of right in the answer was not as strong as that made in *Doolittle* agt. *Eddy*, (7 *Barb. S. C. R.*, 75, *cited.*)

1. Judge STRONG, in 20 *Barb. S. C. R.*, at page 317, (*affirmed* 21 *N. Y. R.*, 466,) says, although defendants set up in their answer an affirmative defence that they, with others, " at the request and solicitation, and with the leave, license, permission and consent of plaintiff, first

made, given and granted, made and constructed an aqueduct to convey water" to a village for the purpose of supplying the inhabitants with water ; that the words "given and granted" do not enlarge the answer; it is the "leave and license and permission and consent," and nothing more, that were granted; and that the parol license was a complete protection for what was done under it, and cites *Pierpont* agt. *Barnard*, (2 *Seld.*, 279,) and held defendant entitled to costs.

2. Possession was all that was necessary for plaintiff to prove to entitle him to recover, in regard to his interest or right. (*Rathbone* agt. *McConnell*, 20 *Barb. S. C. R.*, 315.) In 1 *Chitty's Plead.*, 330, (*Phil. ed.*, 1828,) it is stated that where the action is against a wrong-doer for damages, and not for the land itself, it is sufficient to state in the declaration that plaintiff was in possession.

V. Merely setting up leave and license to enter, &c., does not draw the title in question. (4 *Sand. R.*, 637, 722; 10 *John.*, 302 ; 20 *Barb. S. C. R.*, 311 ; 10 *How. Pr. R.*, 406 ; 11 *John.*, 404 ; 10 *W. R.*, 563 ; 7 *Barb. S. C. R.*, 74 ; 15 *Wend.*, 380 ; 7 *Wend. R.*, 74 ; 18 *Wend.*, 579, 649 ; *Burhans* agt. *Tibbets.* 7 *How.*, 75.) " If the plaintiff is entitled to full costs, it is because the statute gives them to him, and his right is in no way strengthened by the order of a judge."

Juge WRIGHT, in *Burhans* agt. *Tibbets*, says : " The defendant admits the premises to be the close of plaintiff." At page 78, Judge WRIGHT further says, that " when' the section speaks of a recovery in an action where 'a claim of title arises,' it means that such claim shall arise on the whole pleadings, and that the recovery shall be in hostility to such claim."

1. In 18 *W. R.*, COWEN, judge, says, the plea of leave and license is an admission of plaintiff's title. (18 *W. R.*, 650.)

2. In 7 *Wend. R.*, 495, action trespass on land, plaintiff

recovered $30, and moved for costs on certificate of judge which was obtained. The plaintiff offered to prove title (probably) with a view to this motion; the defendant admitted his title. SAVAGE, judge, said, " defendant was entitled to costs." (6 *W. R.*, 550; 9 *Cow. R.*, 692, *treble damages.*)

VI. In 9 *Cowen*, 692, was an action for cutting wood and timber, contrary to statute for trespass on land, (1 *R. L.*, 526;) plaintiff recovered $6. Plaintiff got his damages trebled, and the court refused costs to plaintiff, on the ground that the action was cognizable in justice's court, unless plaintiff recovered $50. (9 *Cowen*, 692; 11 *John.*, 405.) In this last cited case court say, unless title controverted or certificate of judge, plaintiff cannot recover costs, if he recover less than $50. (*Vide* 7 *W. R.*, 495.) There held, defendant entitled to costs, because recovery less than $50. (2d ed. *Van Santvoord's Pl.*, 473, 474; *see Crab on Real Property*, 409, 410.) The precedents only allege possession. (2 *Chitty's Pl.*, 769, 788.) It is also not necessary to prove more than alleged.

VII. Therefore it follows that a claim of possession or defence of leave and license does not draw title in question; nor is it a claim of title to land, within the meaning of section 304, Code. (7 *Wend.*, 495; *Ehle* agt, *Quackenboss*, 6 *Hill*, 537.)

1. In *Pierpont* agt. *Barnard*, (2 *Seld.*, 279,) it was held that a parol license, by the owner of land, to cut and carry away standing timber, executed before revocation, was a complete protection. The principle in that case is directly in point. Says STRONG, J., in 20 *Barb. S. C. R.*, 311 : " The trees were as much a part of the freehold as the right to use the water." (2 *Seld.*, 279; 20 *Barb.*, 311; 1 *Denio*, 550; 10 *W. R.*, 563.)

2. In the case in 10 *W. R.*, 563, was a motion for costs, and the circumstances were precisely the same as in 20

*Barb.*, 311, and the order of special term was reversed, and defendant allowed costs.

3. Again : Judge BROWN, in 10 *Barb. S. C. R.*, 333, says that " a license seeks to justify the entry, and is not a claim of title to the land, in hostility to the plaintiff's right or title, but merely pleads his authority and permission for whatever he may have done." (10 *Barb.*, 333, 343; *Kent's Com.*, 2d vol., 462; 11 *Mass. R.*, 537; 18 *Wend. R.*, 579, 649; 7 *W. R.*, 495; 10 *John.*, 302; 11 *John.*, 404; 4 *Sand.*, 637, 722.)

VIII. It has been repeatedly held that a parol agreement to ascertain and establish a boundary line between those in dispute is not an agreement which extends to the title; as has justly been said, it has no bearing whatever upon the abstract question of title. (*See* 10 *Barb. S. C. R.*, 345, 346; *Terry* agt. *Chandler*, 16 *N. Y. R.*, 354 to 356.) In the case, 16 *N. Y. R.*, 354, BROWN, J.. cites THOMPSON and SUTHERLAND, J.J., in 12 *Wend.*, 578, and says that the agreement or submission of parties to arbitrators to settle disputed line, had no bearing upon the abstract question of title no more than the testimony of a witness.

In *Launitz* agt. *Barnum*, (4 *Sand. S. C. R.*, 637,) court held, question of title did not arise upon the pleadings, because defendant merely set out a license, &c., and because plaintiff did not recover $50, defendant got costs. (4 *Sand. S. C. R.*, 722; 2 *Caines*, 220; 10 *John.*, 302; 11 *John.*, 404; 7 *W. R.*, 495; 10 *W. R.*, 563; 18 *W. R.*, 579, 649; 2 *Code R.*, 152.)

IX. Where title to real estate is not pleaded in justice's court, court will not be ousted of jurisdiction merely because it may be necessary for plaintiff to show his title deeds in order to sustain the action, unless such title be disputed by defendant. (*Bellows* agt. *Sackett*, 11 *Barb. S. C. R.*; 15 *Barb. S. C. R.*, 96.)

X. In all the foregoing cases we find the pleadings

were of doubtful construction, when compared with the present case; for in this case expressly, we, in our answer and on the trial, admitted expressly the title to be in plaintiff.

Plaintiff not entitled.to costs, on the ground of this action being for " trespass on land," as a matter of course.

*First.* Because all rules as to costs on recovery are regulated by the Code of Procedure.    (*See Code,* § 304.)

*Second.* The rule giving costs in this and other actions named in 2d vol. R. S., 3d ed., 703, sec. 3, sub. 1, is abrogated by the Code, sec. 304.    (*See* 8 *Barb. R.,* 99, 100; 9 *How. Pr. R.,* 375; 3 *Seld. R.,* 465.)    Court say, since the Code, rules regulating costs suspended all former rules on the subject as contained in section 304.

*Third.* By 2d R. S., 4th ed., p. 820, title 1, part 3, chap. 10, all the provisions of this title, from the original section 1 to 22 inclusive, are repealed by the Code of Procedure; also sections 36, 34, 36 and 40 also suspended by the Code.

By the 5th ed. R. S., 3d vol., p. 908, same title, part and chapter, the revisors in their note also say those sections are repealed and are omitted.

By section 455, the general provisions of Revised Statutes relating to actions concerning real property shall apply to actions brought under this act.    Thus, writ of nuisance abolished, secs. 453, 454; action for waste abolished, secs. 350, 451; claims to real estate abolished, sec. 449; action for partition is also brought under the Code, 448.    All the last above provisions were included in the 3d edition of 2d volume of Revised Statutes, section 3 and subdivisions, together with the action for trespass on land.

Also a similar provision as to costs was contained in Revised Laws of 1813, vol. 1, p. 343, and those provisions in the Revised Laws, and as incorporated in the 1st, 2d

and 3d editions of the Revised Statutes, are abolished, and those actions are brought under the Code as to costs.

*Fourth.* If the title came in question on the trial, plaintiff should have procured certificate of judge who tried cause, which is the only legal evidence of that fact. (8 *How. Pr. R.,* 131 ; *Burhans* agt. *Tibbets,* 7 *How. Pr. R.,* 74 ; *Code,* 304.)

LYMAN TREMAIN, *for plaintiff.*

I. The plaintiff is entitled to costs under the provisions of the Revised Statutes relating to this and six other special actions or proceedings. (2 *R. S.,* 3d ed., 703, § 3, *sub.* 1 ; *Jermain* agt. *Booth,* 1 *Denio,* 639.)

The complaint in terms refers to and is founded upon the statute entitled " Of trespass on lands."

II. The above provision giving costs is not repealed by the Code.

1. It is not repealed in terms.

2. It cannot be repealed by implication, because, where two statutes can stand together they must be so construed that both can be maintained.

3. The Code in terms excepts from its operation this provision, it being a statutory proceeding relating to actions not inconsistent with the act.

4. Again : Section 455 applies the Revised Statutes, so far as they touch the question, to an action under the Code.

5. The Code did not intend to provide a substitute for the provisions in question concerning costs. Hence, unless the section is in force, there is no statute giving costs to (1) forcible entry and detainer ; or (2) to actions or proceedings to determine claims to real estate ; or (3) to actions of waste ; or (4) actions for nuisance ; or (5) actions in partition. As to the first named proceeding, the Code does not touch it, nor does it touch the 5th; although as to the other three actions the Code regulates

the practice, it has no provision relating to the costs in them. The language of the section of the Code giving costs is not broad enough to cover them. Partition is not embraced within section 304. The other actions, numbers 2, 3 and 4, may not be for the recovery of real property nor money exclusively.

6. The provisions of the statute giving double costs are contained in the same title of the Revised Statutes. (2 *R. S.*, 3*d ed.*, 707, § 3.) The court of appeals has decided that that statute is not repealed, (18 *N. Y. R.*, 260,) and its reasoning is quite applicable to this case.

7. This action under the statute is more than an action for the recovery of money. It authorizes, in a certain event, the court to treble the verdict. It is therefore as much an action for the relief as an equity action in which money and other relief are demanded.

8. Full room is left for the operation of the section 304 of the Code, by holding it inapplicable to the provisions in question.

II. But a claim of title to real property arose on the pleadings, and hence the Code gives costs. (*Sec.* 304, *sub.* 1.)

The first part of the answer admits title to the close, but the other parts of it claim title to the trees.

An answer admitting the plaintiff's title to the land, but setting up a right to the shrubbery and trees thereon by agreement, although it also sets up consent and license, claims title to real property, and the plaintiff is entitled to costs on a recovery for any amount. (*Powel* agt. *Rust*, 8 *Barb.*, 567.) "A right of property in trees or a right to enter and take them is a question of title." So held in this case. The same doctrine was held in 1*st Code R.*, as to the effect of an answer setting up an agreement with the plaintiff giving a right to do what was done. In these respects the case is plainly distinguishable from a mere plea or answer of license or consent,

which stands on grounds wholly distinct from a right by agreement. An examination of the answer will show it sets up the following facts and claims :

1. That the true line between the lands of the parties was a straight line, and the county line.

2. That the fence was not the tree line, nor was it straight, nor was it the county line.

3. That the fence was not where it ought to be (not that it was originally located erroneously.)

4. That by agreement the line was cut, and by the same agreement the timber was cut.

5. That the defendant "had a right" to cut it under his agreement.

This is plainly a claim of title. The trees were "real property." The defendant sets up a right to cut them. What doubt can there be on the question ? How can this court determine where the true line was, except by investigating the title ? The claim of title arose when the answer set up where the true line was, and that the fence was not on the true line. It reiterated the claim, when it averred an agreement with plaintiff allowing defendant to cut the timber and trees. Under that agreement the defendant might lawfully prove a written agreement. (*Livingston* agt. *Smith*, 14 *How.*, 494, *and cases cited.*) The averment that the defendant had a right to cut the timber was enough to give costs.

The plaintiff asks for an order that the order of Justice PECKHAM, giving costs to the plaintiff, be affirmed.

By the court, HOGEBOOM, Justice. In this case the order of the court was, that the plaintiff, though recovering less than $50, was entitled to costs. This could not have been on the ground that the title to lands came in question on the trial, for there was no certificate of the judge of that fact, and the judge's certificate is the only legal and proper evidence, at least in the first instance.

(*Code*, § 304; *Burhans* agt. *Tibbets*, 7 *How.*, 74; *Niles* agt. *Lindsley*, 8 *How.*, 131.) The decision therefore must have been upon the ground, either that costs are given by law in all actions of trespass upon lands, or that a claim of title to real property arises on the pleadings. (*Code*, § 304.)

1. As the section of the Code above cited is the only one under the Code which relates to this subject, we must go back to the previous law and see if that gave costs in all actions of trespass upon lands; and if so, whether it has been repealed by the Code. The absolute right to costs upon a recovery for any amount is claimed under the provisions of the Revised Statutes, which it is insisted have not been repealed. By 2d Revised Statutes, 613, sec. 3, sub. 1, the plaintiff recovering judgment on a verdict in any of the actions relating to real estate, enumerated in the 5th chapter of that act, is entitled to costs. Among the actions mentioned in the 5th chapter is the title " Of trespass on lands," which, among other things, (2 *R. S.*, 338, §§ 1, 2, 3,) authorizes a recovery of treble the damages assessed by a jury in cases where a person cuts down or carries off any wood, underwood, trees or timber on the lands of any other person, without the leave of the owner thereof; but single damages to be only recoverable where, on the trial of the action, it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land was his own. The plaintiff's complaint shows a cause of action within the description embraced in this title. The question is, therefore, whether this statute has been repealed? 1st. It has not been expressly repealed, at least so it has been held by the court of appeals in *Bartle* agt. *Gilman*, (17 *How.*, 1; 18 *N. Y. R.*, 260.) The only section which is cited as directly repealing it is section 303 of the Code, which abolished all statutes establishing or regulating the costs or fees of attorneys, solicitors and counsellors, and allows to the

prevailing party, by way of indemnity, certain sums termed costs. This was held, in the case last cited, only to repeal title 3, " Of the fees of certain officers," of chapter 10 of the third part of the Revised Statutes, leaving untouched title 1, "Of the cases in which costs may be recovered," and title 2, " Of security for the payment of costs," (2 *R. S.*, 612, *title* 1,) above cited. It is the one which allows costs, as before cited, in certain actions " Of trespass on lands," under the decisions above made, which we must follow. We are not at liberty to say that this section is *expressly repealed.*

2. Is it repealed by *implication* or as being *inconsistent* with the provisions of the Code ? Section 468 declares that " all statutory provisions inconsistent with this act are repealed." Section 471 declares that, " until the legislature shall otherwise provide, the second part of this act shall not affect proceedings upon mandamus, nor any existing statutory provisions relating to actions not inconsistent with this act," and is in substance applicable to the actions hereby provided ; nor any proceeding provided for by chapter 5 of the 2d part of the Revised Statutes, or by the 6th and 8th titles of chapter 5 of the 3d part of those statutes. The 6th title is " Of trespass on lands." The provisions of that title are not therefore repealed, and the only question is, whether the right to costs, applicable to those provisions as fixed by the Revised Statutes, are repealed ? The titles named in the 5th chapter are : 1st, in ejectment ; 2d, proceedings to compel the determination of claims to real property ; 3d, partition ; 4th nuisance ; 5th, waste ; 6th, trespass on lands ; 7th, general provisions ; 8th, proceedings to discover the death of persons. Section 455 applies the provisions of the Revised Statutes to all actions for the recovery of real estate, brought under the Code ; section 448 applies them to actions for partition ; section 449 declares " that proceedings to compel the determination of claims

to real estate may be prosecuted by actions under the Code;" section 453 abolishes the writ of nuisance; and section 453 gives the benefit of that writ in the form of an action under the Code; section 450 abolishes the action of waste, but authorizes an action under the Code to obtain similar relief. Unless the before mentioned provisions of the Revised Statutes, in regard to costs in proceedings had under the 5th chapter aforesaid, are deemed to be in force, it is doubtful whether costs are recoverable of course in any of the proceedings or actions authorized by the 5th chapter, unless it be the action of ejectment. The only section of the Code giving costs is section 304; and the only portion of that section under which costs could be claimed is the 1st subdivision, which is as follows : " 1st, in actions for the recovery of real property, or where a claim of title to real property arises on the pleadings, or is certified by the court to have come in question on the trial." Strictly speaking, none of the actions embraced in the 5th chapter are actions for the recovery of real property, except the action of ejectment. The same section of the Revised Statutes, before quoted, gives costs of course " in all the proceedings to recover the possession of land forcibly entered or forcibly detained;" and there is no doubt whether this comes under the provisions of section 304, before quoted, and yet as no more meritorious claim for costs could arise than in the case last mentioned.

So also subdivision 3 of section 3 of title 1 of chapter 10 of part 3 of the Revised Statutes, before quoted, (2 R. S., 613,) gives costs of course in suits and proceedings upon writs of *scire facias*, and a general prohibition or information in the relation of a *quo warranto*. The Code, (§ 428 *to* 447,) retains the beneficial remedies sought under these proceedings, but directs them to be brought in the form of an action under the Code. But I do not see that it gives costs of course, unless the sections of

the Revised Statutes, before quoted, are deemed to be unrepealed.

From this review of the legislation which has been had upon this subject, it is seen that the subject is involved in much doubt and confusion, and there would seem to be a necessity for some explicit legislation regulating it. In the absence of such legislation, I deem it very questionable whether the section of the Revised Statutes giving costs in a case like the present has been repealed by the Code ; and if we follow the spirit of the decision in *Bartle* agt. *Gilman*, above cited, I think we should hold it is not.

It is true it may be claimed that several of these actions are provided for, as it is barely possible they were intended to be, by section 306 of the Code, which provides that " in other actions costs may be allowed in the discretion of the court." But this is fatal to the defendant, as the court has exercised its discretion (if any existed) in this case, by awarding costs in favor of the plaintiff.

II. On the other branch of this case, to wit : whether a claim of title to real property arises on the pleadings, (*see sec.* 304 *of the Code*,) I am of opinion it does not. So far as I can comprehend the answer, its object and effect is : 1st, to disclaim all title to the land in question ; 2d, to show that the trespass was casual and involuntary, and that the defendant had probable cause to believe that the land was his own ; 3d, to show that the supposed trespass was committed with the license of the plaintiff.

It is true the defendant says, " the parties agreed to and did straighten the line between them, and the plaintiff permitted defendant to occupy to the straightened line, and that some of the timber was cut on the part so set apart (to defendant) by plaintiff, and that afterwards by consent of the parties a straight line was run by a surveyor, and defendant did cut up to that line as he

·supposed was his own, and had a right so to do, and which was done, as defendant believes, with the knowledge, consent and license of the plaintiff, and not otherwise." The plaintiff urges that the words in the answer, that "the defendant had a right so to do," must be construed as asserting a title to the trees or timber thus cut; but I think such was not the design of the pleader, and that we ought not so to construe the answer, after the careful admission of the plaintiff's title at the commencement of the answer; but the words must be construed as if they had read, "as he supposed was his own, and as he supposed he had a right to do;" or else as asserting a right to cut the timber because he had the plaintiff's license or authority so to cut. Thus understood, they do not bring the title of the land in question; for it has been repeatedly held, that acts done under such a license are not done under a claim of title, but, on the contrary, in effect admit the title to be in the other party by the very act of seeking a license from him. (*Rathbone* agt. *McConnell*, 20 *Barb.*, 311; *Pierpont* agt. *Barnard*, 2 *Seld.*, 279; *Doolittle* agt. *Eddy*, 7 *Barb.*, 75; *People* agt. *N. Y. Com. Pleas*, 18 *Wend.*, 579; *Burhans* agt. *Tibbets*, 7 *How.*, 75; *Launitz* agt. *Barnum*, 4 *Sand. S. C. R.*, 637; *O'Reilly* agt. *Davis*, 4 *id.*, 722.)

But, upon the ground first discussed, I conclude, though with some hesitation, that the plaintiff was entitled to costs, and therefore the order of the special term should be affirmed, with $10 costs.