The People ex rel. Isaac B. Purdy, Respondents, v. The Commissioners of Highways of the Town of Marlborough, Appellants.

Matter of law is not matter to be alleged in pleadings, and no issue can be framed upon an allegation as to the law. Facts only are pleadable, and upon them, without allegations, the courts pronounce and apply the law.

When it becomes necessary to inquire whether a legislative enactment was constitutionally passed, so as to become a law, it is for the court to determine from the printed statutes, or from the original act on file in the Secretary of State's office, whether the requisite vote was received; upon such an inquiry the printed statute is presumptively correct, and the original act is conclusive. (Chap. 306, Laws of 1842.)

The act " to vest certain real estate belonging to the State in the town of Marlborough " (chap. 776, Laws of 1868), providing for the laying out of a highway in said town, and taking and vesting in the town the title to lands belonging to the State for the purposes of said highway, is an appropriation of public property for a local purpose, within the meaning of section nine of article one of the State Constitution, and in accordance with the provisions of that section it required " the assent of two-thirds of the members elected to each branch of the legislature."

Accordingly held, as it did not appear by the printed statute book or upon the original act that it received the requisite two-third vote, it was inoperative and not law.

Statement of case.

Whether the whole of an act not passed in conformity with said constitutional provision, and containing an appropriation of " public moneys or property for local or private purposes," is to be deemed inoperative, or whether the provision may be satisfied by rejecting the portion making such appropriation, *quere.*

(Argued March 20, 1873 ; decided June term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiffs on demurrer to return of defendants to an alternative mandamus.

The mandamus required defendants to proceed forthwith to lay out, open and work a public highway in the town of Marlborough, Ulster county, according to the provisions and requirements of chapter 776, Laws of 1868, or to show cause, etc. Defendants' return admitted that by the act they were required to lay out the road, but set up certain matters by way of avoidance, the validity of the act was not questioned therein. Plaintiffs demurred to the return.

Further facts appear in the opinion.

*Amasa J. Parker* for the appellants. Chapter 776, Laws of 1868, is invalid, because it makes an appropriation of public property for a local purpose and it was not passed by a three-fifth vote. (*People* v. *Allen*, 42 N. Y., 378 ; Const. of N. Y., § 14, art. 7; id., § 9, art. 1 ; 1 R. S., § 3, tit. 4, chap. 7, part 1 ; *Purdy* v. *People*, 4 Hill, 384.) The great cost of working and grading the road excuses the commissioners from attempting the work. (Broom's Legal Maxims, 174 ; 3 J. [U. S.] R., 598.) A mandamus will not be awarded against the commissioners when its effect will be to subject them to an action of trespass. (*Ex parte Clapper*, 3 Hill, 458 ; *People* v. *Comrs. of Seward*, 27 Barb., 94 ; Moses on Mandamus, 141.) The act of 1872, passed by a two-third vote, takes away all right to mandamus, and its effect is like that of a statute repealing a penalty. (*Butler* v. *Palmer*, 1 Hill, 344 ; *Central Bk.* v. *Empire Co.*, 26 Barb., 24 ; *Washburn* v. *Franklin*, 35 id., 599 ; *Curtiss* v. *Leavitt*, 15 N. Y., 85–152, 254.)

*M. Schoonmaker* for the respondents. The order appealed from being signed by only two commissioners and not showing that all met and deliberated, or were notified to do so, is void. (1 R. S., 525, § 125.) The statute, under which the commissioners are required to act, is a special mandatory statute, and it gives no appeal. (2 Laws 1868, chap. 776, § 1, p. 1739; 1 R. S., 592, § 2.)

Johnson, C. The mandamus in this case is confessedly founded upon a supposed statute of this State, chapter 776 of the Laws of 1868, and has no legal support if the supposed statute was never the law of the State. The first section appears to provide that the commissioners of highways of the town of Marlborough are authorized and directed to lay out the highway (describing it), and vests in the town for road purposes the right, title and interest of the State in so much of the lands as may be necessary for the purposes of the said highway. This section purports to dispose of a part of the public property for a local purpose, and therefore falls within the provisions of section 9 of article 1 of the Constitution. That section ordains that " the assent of two-thirds of the members elected to each branch of the legislature shall be requisite to every bill appropriating the public moneys or property for local or private purposes." That the section in question appropriates public property is obvious upon its face; that the purpose to which it is thus appropriated is local, in the sense of the Constitution, has been adjudged, in principle at least, in *People* v. *Allen* (42 N. Y., 378). It is not important in this case to decide whether, by force of the constitutional provision, the whole of every such bill is to be deemed inoperative as law in case any part of it contains such an appropriation, and the bill has not been passed in conformity with the constitutional requirement, or whether the provision may be satisfied by the rejection of that part only of such an act as makes an appropriation. In this case, the grant to the town of the public land is so important a part of the whole provision that it cannot be doubted that, in the

contemplation of the legislature, it was an essential and fundamental portion of the act, without which the bill would not have been passed at all.

The only remaining inquiry is, therefore, whether, as this case is presented, the question can be raised as to the vote by which the bill was passed; and if it can, how it ought to be determined. The objection to its being raised is that the defendants in pleading have admitted the obligation of the law. But matter of law is never matter to be alleged in pleading. No issue can be framed upon an allegation as to the law. Facts only are pleadable; and upon them, without allegation, the courts pronounce and apply the law. This is true alike in respect to statute and to the common law; and when it is necessary to inquire by what vote a law was passed, the judges are to determine from the printed statutes, or from the laws on file in the Secretary of State's office, whether the requisite vote was received. Upon such an inquiry the printed volume is presumptively correct, and the original act is conclusive. (See chap. 306, Laws of 1842.) How such a question was to be investigated was much considered in the earlier cases arising under the free banking act of 1838; and the discussions which then took place led the way to the subsequent determinations of the courts that it belonged to the function of the judges to investigate for themselves and to declare what is the law, whether common or statute. (*People* v. *Purdy,* 2 Hill, 31; S. C., in error, 4 Hill, 384; *De Bow* v. *The People,* 1 Den., 9; *Commercial Bank* v. *Sparrow,* 2 Den., 97; *People* v. *Devlin,* 33 N. Y., 269.)

The law in question does not appear either upon the printed statute book or upon the original act to have been passed by a two-third vote, and consequently it never had the effect of law. The whole foundation of the mandamus therefore fails and the judgment must be reversed; and as it appears by necessity that the mandamus cannot be sustained, judgment final must be rendered for the defendants, with costs.

All concur.

Judgment accordingly.