## CONRAD HARDWICK v. THE STATE.

1. SUPREME COURT PRACTICE. *Existence of a statute. Judicial notice.* The existence of a statute, being matter of law of which the court must take judicial notice, may, perhaps, be controverted in this court without the point being made in the trial court.

2. CRIMINAL LAW. *Indictment. Assault with intent to commit rape.* An indictment charging the defendant with making an assault and battery upon a female under the age of ten years, with the unlawful and felonious intent, forcibly and against her will, to have unlawful carnal knowledge of her, will sustain a conviction under a statute which makes the assault and battery a crime, although the act be not done forcibly and against the will of the female, these words being mere surplusage.

3. SAME. *Same.* A count in such an indictment would be good, although the person assaulted was not stated in so many words to be a female, the feminine pronoun being a sufficient designation of the sex.

4. SAME. *Bill of exceptions.* Objections or errors made to the proceedings in the trial below must be sustained by the bill of exceptions, or they will be of no avail, and if a recital by the judge be taken as an agreed statement of facts, it will be conclusive.

5. SAME. *Evidence.* Slight discrepancies or contradictions in the testimony of witnesses, which go merely to their credibility, fall peculiarly within the province of the jury, and will not authorize an interference with the verdict.

### FROM HUMPHREYS.

Appeal in error from the Circuit Court of Humphreys county.   J. C. STARK, J.

A. F. ESTES for Hardwick.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The prisoner Hardwick was convicted, under the act of 1879, ch. 81, of committing an assault and battery upon Melly Turner, a female under the age of ten years, with the intent to unlawfully and carnally know her. He appealed in error.

The learned counsel of the prisoner has attacked the constitutionality of the act of 1879, upon the ground that the journals of the two houses of the Legislature did not show that the bill was signed by the respective speakers of each house in open session, as required by the Constitution, Art. II., sec. 18. The existence of the statute being matter of law, of which the court must take judicial notice, the counsel is probably correct in thinking that the point could be made in this court without being raised in anyway in the court below: *Prince's Case,* 8 Rep., 28; *People* v. *Commissioners,* 54 N. Y., 276; *South Ottowa* v. *Perkins,* 94 U. S., 260; *Gardner* v. *Collector,* 6 Wall., 499; *State* v. *McConnell,* 3 Lea, 332. But upon careful examination of the journals it is found that the signing of the act is noted on them.

The fourth count of the indictment charged the defendant with making an assault and battery upon the injured party, "a female under the age of ten years, with the unlawful and felonious intent, forcibly and against her will, to have unlawful carnal knowledge of her."

The act of 1879 makes it a crime, punishable as in case of rape, to commit the assault and battery

Hardwick v. State.

upon a female under the age of ten years, "with the intent to unlawfully and carnally know her," without requiring the act to be done forcibly and against the will of the female. The use of these latter words in the indictment does not vitiate it, for the words may be treated as surplusage, the offense being sufficiently charged without them. They amount to no more than uselessly averring that the assault was made brutally and violently: *McComas* v. *State*, 11 Mo., 116; *Davis* v. *State*, 42 Texas, 226; *Harris* v. *State*, 3 Lea, 324; *State* v. *M. & A. of Bellville*, 7 Baxt., 548.

The motion of the defendant to strike out the first and second counts of the indictment because the person assaulted was not, in so many words, stated to be a female, was properly overruled, the use of the feminine pronoun being sufficient to designate the sex: *Hill* v. *State*, 3 Heis., 317.

It is assigned as error that the prisoner's case was called up out of its order; that the jurors from whom the jury was selected which tried him were summoned in another case, and that the list of jurors was increased by the addition of other names pending the formation of the jury. There is no evidence in the bill of exceptions on which to base these objections, nor does it appear that formal exception was taken at the time of the occurrences, except in the matter of the addition to the list of jurors. The statement of the judge as to what took place, if treated as an agreement as to the facts, fully explains the facts and circumstances, and discloses no error to the prejudice of the prisoner, or upon which any motion for a con-

tinuance or for any other relief was made.   The State case immediately preceding the case of the prisoner was reached on the day before the trial, and the sheriff was ordered to summon a panel of forty-two men, from which a jury might be selected.   On the next morning the State was not ready in that case, and the prisoner's case was regularly called and taken up, without asking for a continuance on any ground. The panel of forty-three names was furnished the prisoner, being good and lawful men, so far as appears, although summoned with the expectation of being used in the previous case.   A part of the panel was at first alone drawn from, under a misapprehension as to the number of challenges to which the defendant was entitled, but pending the selection of the jury the whole list was used.   There was clearly no error of which the prisoner could complain in these proceedings.

It is also said that the opening counsel for the State, in his address to the jury, made a remark, which is set out in the bill of exceptions, and which tended to prejudice the defendant.

It is also said that there was applause during the remarks of the counsel for the State, which was not repressed by the trial judge.

Unfortunately for these objections, there is no evidence either of the remark objected to, or the applause. The judge says he does not remember the language of the opening counsel, and was not aware at the time of any applause.

The usual argument made in this court, that the

Hardwick *v.* State.

evidence fails to sustain the verdict, is not based so much upon the absence of sufficient testimony, as upon supposed contradictions in the testimony of the witnesses, and especially the principal witness, which tend to discredit them. These discrepancies were pointed out by the defendant's counsel, and discussed with great skill and ingenuity. But, after all, the variance of the same witness, as well as of the different witnesses between each other, are pecisely such as always occur in such narratives, and tend rather to strengthen than to discredit the witness, for they show that there was no collusion to make up the same tale. They were, moreover, such as it fell within the peculiar province of the jury to consider, and they have shown by their verdict that they did not think them of sufficient importance to affect the result. The verdict is, in our opinion, fully sustained by the evidence.

The judgment must be affirmed.