(12 Misc. Rep. 429.)

## BLOOMINGDALE et al. v. STEUBING.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

1. LANDLORD AND TENANT—EVICTING TENANT—REPAIRS.

An agreement between a tenant, who had paid rent in advance to the end of the term, and the landlord, whereby the latter was allowed to take possession of the premises, and find another tenant for the remainder of the term, gave to the landlord the implied right to make such repairs as were necessary to render the premises tenantable. 30 N. Y. Supp. 1062, affirmed.

2. SAME—EXTRAORDINARY REPAIRS.

Where a landlord, who had taken possession of the leased premises as agent of the tenants, with authority to relet them for the unexpired portion of the term, went beyond the agreement, and made extraordinary repairs to fit them for a subsequent term, such act rendered him liable to the tenants for use and occupation of the premises only for the time spent in making such repairs.

Appeal from city court, general term.

Action by Joseph B. Bloomingdale and another against Henry Steubing for forcibly and wrongfully entering and taking possession of premises 160–162 East Fifty-Ninth street, in the city of New York, leased by defendant to plaintiffs. From an order of the city court (30 N. Y. Supp. 1062) reversing an order setting aside, as inadequate, a verdict in favor of plaintiffs for six cents damages, plaintiffs appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

D. Solis Ritterband, for appellants.

Guggenheimer, Untermyer & Marshall, for respondent.

DALY, C. J. The plaintiffs, lessees of the premises in question, vacated them on February 1, 1892, having paid the rent in advance to the end of their term, which expired May 1st; and the testimony of both plaintiffs and defendant shows conclusively that by agreement between them the defendant was allowed to enter and take possession, and to try and find a tenant for the premises for the unexpired term of the plaintiffs' lease. The allegation of the complaint that the defendant forcibly and wrongfully entered and took possession was therefore not sustained upon the trial; but the issue submitted to the jury was whether, having permission from plaintiffs to enter for one purpose, he availed himself of such permission for a totally different purpose, to wit, to put the premises in repair for the term commencing after the plaintiffs' lease expired. The lessor testified that the premises were left in bad condition, and, as they could not be let in that state, plaintiffs told him to go and put them in repair. The plaintiffs denied this statement, and that, in effect, was the issue left to the jury. As it was conceded that the lessor was to try and let the premises for the remainder of the term, the right to make such repairs as would render the premises tenantable is fairly to be implied from the arrangement between the parties. The trial judge instructed the jury that the plaintiffs were entitled to a verdict

if the defendant "went beyond what the plaintiffs intended or agreed he should do"; and the verdict in plaintiffs' favor was, in effect, a finding merely that he exceeded the license given, or the authority conferred upon him, as agent for the plaintiffs, to relet on their behalf. The verdict of six cents damages shows that in the opinion of the jury the plaintiffs were not injured thereby, and the only question is whether there was evidence which required a verdict for substantial damages. No evidence of damage was given; but plaintiffs claim to recover for the rent of the premises at the rate of $150 per month while defendant was in possession; being a total of $450, the amount which they had paid him in advance for the balance of their term. The judge instructed the jury that if defendant entered on February 1st, and did what he was not entitled to do, the jury might find $450, for three months' rent, and that if he took possession later, either in March or April, the jury might find against him at the rate of $150 per month. The instruction on the subject of damages was too favorable to plaintiffs, for, if defendant was liable for the value of the use and occupation while engaged in making extraordinary repairs, he would only be liable for the time spent therein, and not for the whole time of his possession, for he was in possession, under license, for the whole term. There was no evidence that any repairs (except putting in some panes of glass and fixing water pipes, which were undoubtedly necessary to make the premises tenantable) were commenced before April 7th, and one of the plaintiffs testified that they were substantially completed on April 19th. There was no evidence as to how much of the repairs made during these 12 days were extraordinary, nor what was the value of the use and occupation of the premises during that time, in the condition in which plaintiffs left them, nor any proof of loss of tenants by defendant's acts. No demand of possession was made of defendant at any time, nor was his license revoked, nor did he refuse to admit plaintiffs to possession. Nominal damages, therefore, were not improper; and the general term, in its discretion, might reverse the order granting a new trial. With the exercise of that discretion we should not interfere. There were no exceptions which affected the recovery. Order affirmed, with costs and disbursements. All concur.