(13 Misc. Rep. 76.)

## McNAMARA v. NOLAN.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. LEAVE TO SUE AS A POOR PERSON—CONDITION OF PLAINTIFF.

An averment in an application for leave to sue as a poor person that plaintiff "is not worth $100 besides the wearing apparel and furniture necessary for himself and his family, and the subject-matter of the action," in which case Code Civ. Proc. § 459, provides that leave may be granted, is not contradicted by defendant's testimony that plaintiff resides with his family on the second floor, consisting of four or five rooms, neatly and comfortably furnished, and that he is regularly employed, and in receipt of $15 weekly wages.

2. SAME—GOOD CAUSE OF ACTION.

Code Civ. Proc. § 460, providing that leave to sue as a poor person will be granted where the court is "satisfied" that plaintiff "has a good cause of action," means where the facts alleged, if true, constitute a good cause of action, and affidavits to show that plaintiff has not a meritorious cause of action will not be considered. 32 N. Y. Supp. 922, affirmed.

Appeal from city court, general term.

Action by Patrick McNamara against John P. Nolan to recover damages for the alleged unskillful medical treatment of plaintiff's infant child by defendant, as a physician. From an order of the city court (32 N. Y. Supp. 922) affirming an order permitting plaintiff to prosecute as a poor person, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

John R. Tresidder, for appellant.

J. J. Karbry O'Kennedy, for respondent.

BISCHOFF, J.  The action is against a physician to recover damages for the alleged unskillful medical treatment of the plaintiff's child, a minor; and from an order made at special term in the court below, and by the same court affirmed at general term, permitting the plaintiff to prosecute as a poor person (Code Civ. Proc. §§ 458–467), the defendant has appealed to this court.

The right to costs given to litigants by statute is a substantial one. Sturgis v. Spofford, 58 N. Y. 103. And as the effect of the order appealed from is to deprive the defendant of his costs, if the issue of the action proves to be in his favor, it affects a substantial right, and so is appealable to this court, under the provisions of Code Civ. Proc. § 3191, subd. 3.

It is contended for the appellant that the order is erroneous for two reasons: Firstly, that the plaintiff does not appear to be a "poor person," within the proper meaning of those words; and, secondly, that it does not satisfactorily appear that he has, prima facie, a cause of action against the defendant. Code Civ. Proc. § 460. We are of the opinion, however, that both of these constituents to the validity of the order sufficiently appear from the record, and, upon a mere conflict of evidence, no reversal should follow. An appellate court should only then reverse, upon the facts, if the preponderance of the evidence is so greatly against the findings of the court which made the order that there can be said to have been an abuse of judicial discretion,—Dietlin v. Egan, (Com. Pl. N. Y.) 19 N. Y. Supp. 392,—which is not here the case. True, a "poor person" is one who is indigent; dependent upon charity; a pauper. But the words also comprehend one who, though not a pauper, is not rich. Cent. Dict. "Poor"; 18 Am. & Eng. Enc. Law, p. 767, "Poor and Poor Laws," and cases collected in the notes. The Code, however, has wisely defined the "poor person" comprehended by its provisions to be one who "is not worth one hundred dollars besides the wearing apparel and furniture necessary for himself and his family, and the subject matter of the action." Section 459. That the plaintiff comes within this class clearly appears from his verified petition. The defendant's deposition is subject to discredit, as that of a person in interest; but, waiving such consideration, there is nothing in his testimony that the plaintiff resides with his wife and child upon a second floor, consisting of four or five rooms, neatly and comfortably furnished, which in any wise conflicts with the plaintiff's allegations. The same is to be said with regard to the further facts that the plaintiff is employed, and in receipt of $15 weekly wages.

The Code, § 460, does not require the plaintiff, as a condition precedent to the order permitting him to prosecute as a poor person, to prove his right to recover in the action. The court to which the application for such an order is addressed must be "satisfied" that the applicant "has a good cause of action." Obviously, this implies no more than that the facts alleged must, if true, constitute a cause of action, and that the action is instituted in good faith. In other words, the court is charged with the duty of refusing the order where the facts alleged for the purposes of a recovery do not consti-

tute a cause of action, or the action is not brought in good faith. Here the complaint concededly sets forth alleged facts which, if established upon the trial, will entitle the plaintiff to recovery. Again, the depositions of the defendant's experts do not so controvert the plaintiff's allegations regarding the maltreatment of his child that the cause of action may be said to be absolutely disproved. As mere opinion evidence, the statements of the experts are not conclusive of the facts to which they relate. Rog. Exp. Test. p. 486, § 207. The order should be affirmed, with costs. All concur.