(14 Misc. Rep. 549.)

### BLOOMINGDALE et al. v. STEUBING.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

1. APPEALABLE ORDER—REVERSAL OF CLERK'S TAXATION OF COSTS.
    An order reversing the clerk's taxation of costs affects a substantial right, and is therefore appealable.
2. COSTS—ISSUE INVOLVING CLAIM TO REALTY.
    The issue whether defendant, having permission to enter premises for one purpose, availed himself thereof for a different one, presents no "claim of title to real property," within Code Civ. Proc. § 3228, subd. 1, entitling plaintiff to costs, notwithstanding his recovery was less than $50.

Appeal from city court, general term.

Action by Lyman G. Bloomingdale and others against Henry Steubing for trespass to real property. From an order of the city court reversing the clerk's taxation of costs, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Moses Weinman, for appellant.
Chas. J. Hardy, for respondents.

BISCHOFF, J. The order affects a substantial right, and is, therefore, appealable to this court. McNamara v. Nolan (Com. Pl.) 34 N. Y. Supp. 178.

The action was for "forcibly and wrongfully entering and taking possession on February 1, 1892, of certain premises, 160, 162, East Fifty-Ninth street, in the city of New York, of which plaintiffs were the lessees, under a lease from the defendant, expiring May 1, 1892," and resulted in a verdict in favor of the plaintiffs for six cents damages. It was conceded by the pleadings that, "by agreement between the parties, the defendant was allowed to enter and take possession, and to try and find a tenant for the premises for the unexpired term of the plaintiffs' lease," and the only issue tried and submitted was "whether, having permission from the plaintiffs to enter for one purpose," the defendant "availed himself of such permission for a totally different purpose, to wit, to put the premises in repair for the term commencing after the plaintiffs' lease expired." Bloomingdale v. Steubing, 12 Misc. Rep. 429, 33 N. Y. Supp. 584. Obviously, the allegation of the complaint that the plaintiffs, as lessees, were "entitled to the full possession of" the demised premises was a conclusion of law, immaterial and not traversable. Scofield v. Whitlegge, 49 N. Y. 259. Hence, its denial by the defendant created no issue. People v. Commissioners of Town of Marlborough, 54 N. Y. 276. The answer expressly admitted the plaintiffs' title and right of possession as lessees of the defendant. The issue, being wholly with regard to the terms and extent of the license from the plaintiffs to the defendant, therefore, presented no "claim of title to real property," within the meaning of subdivision 1 of section 3228 of the Code of Civil Procedure, so as to entitle the plaintiffs to the costs of the action notwithstanding the fact that the recovery was

less than $50 for damages (Utter v. Gifford, 25 How. Prac. 289); and, pursuant to the provisions of section 3229, the defendant was entitled to such costs.

The orders of the general and special terms of the court below, by which the plaintiffs were awarded the costs of the action, are reversed, with costs and disbursements of the several appeals to the defendant. All concur.