■ BRUCE F. LANZ et al., Appellants, v JOSEPH C. FEOLA et al., Respondents. [674 NYS2d 543] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied plaintiffs' motion for summary judgment, determining that chapter 163 of the Laws of 1861 is unconstitutional because it was not passed with the requisite two-thirds vote (see, NY Const, art I, § 9 [1846]) and that it therefore did not divest the State of New York of its interest in the disputed property. We also conclude that there is no merit to plaintiffs' contention that chapter 163 of the Laws of 1861 did not involve the appropriation of public land for private use (see generally, People ex rel. Purdy v Commissioners of Highways, 54 NY 276).

The court erred, however, in granting defendants' cross motion for summary judgment dismissing the amended complaint because defendants failed to establish their entitlement to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). The record establishes that, by letters patent dated May 5, 1848, the State conveyed to plaintiffs' predecessor in interest title to the east half of block 104 and all of block 9 in the Village of Oneida Castle. Those lots border the portion of Fort Street that is the subject of this dispute. It is well established that the conveyance of lots that bound a street presumptively includes the land to the center of the street, subject only to the public's right of way (Bissell v New York Cent. R. R. Co., 23 NY 61). That rule also applies to conveyances by the State via letters patent (Geddes Coarse Salt Co. v Niagara, Lockport & Ontario Power Co., 207 NY 500, 503-504). Although the record establishes that plaintiffs' predecessor in interest also owned the western half of block 104 at that time pursuant to an 1843 conveyance from Caleb and Marie Eldridge, the record does not establish the manner in which the parcel came into the possession of the Eldridges or with what reservations and exceptions it was initially conveyed by the

State. Although a "grant from the state will support an action to recover real property", "a mere paper title is insufficient, except where it is traced back to the sovereign, or to someone admitted or proved to have been a common source of the title claimed by both plaintiff and defendant, or from some grantor in possession, coupled with a showing that the property in question was included within all the conveyances in his or her title" (90 NY Jur 2d, Real Property—Possessory and Related Actions, § 315, at 192-193). Because there is an issue of fact whether the disputed property was included within each conveyance in the chain of title, we modify the order by denying defendants' cross motion for summary judgment and reinstating the amended complaint. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J., Order; Tenney, J., Decision—Summary Judgment.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Fallon, JJ.