HARRIS *v.* MUTUAL LIFE INS. CO. *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. SECURITY FOR COSTS—SUITS IN FORMA PAUPERIS.
    The court has power in a proper case to allow a non-resident plaintiff to sue as a poor person. DANIELS, J., dissenting. Affirming 10 N. Y. Supp. 473.

2. SAME—APPOINTMENT OF ATTORNEY.
    The attorney making the application should not be assigned as counsel, except in exceptional cases, and then only where it clearly appears that the party seeking to sue as a poor person knows that the counsel assigned is bound to act without compensation, and where the counsel certifies that he will so act, and that no charge or claim for counsel fees will be made.

Appeal from special term, New York county.

Action by Franzisca Harris against the Mutual Life Insurance Company of New York and others. Defendant company appeals from order denying motion to vacate order allowing plaintiff to maintain the action as a poor person.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Davies, Short & Townsend,* for appellants. *Christopher Fine,* for respondent.

VAN BRUNT, P. J. The court undoubtedly has the power to make an order allowing a non-resident to sue as a poor person; but such an order, even in the case of a resident, should not be granted except in a reasonably clear case, and where it is reasonably certain that the process of the court will not

be abused, and it may well be doubted whether the case at bar falls within that category; but the court should not assign as counsel the attorney making the application, except in exceptional cases, and then only where it clearly appears that the party seeking to sue as a poor person knows that the counsel assigned is bound to act in the action without compensation, and where the counsel certifies to the court that he will so act, and that no charge or claim for counsel fees by anybody will be made. In most cases, however, in order to prevent abuses, a person entirely disconnected with the proceeding should be appointed, who will see that improper use is not made of the privilege granted. I think, therefore, that the order appealed from should be reversed, with leave to the plaintiff to make a new application.

O'BRIEN, J., concurs.

DANIELS, J., (*dissenting*.) The petition presented by the plaintiff for leave to prosecute this action as a poor person contained all that has been required for that purpose by section 459 of the Code of Civil Procedure. But it appeared that she was a resident of the city of Chicago, in the state of Illinois, and for that reason it has been urged that she was not within this privilege, as it has been created by the statute. But the section preceding the one just referred to has been made so broad as to include any poor person, and no language has been employed which by any fair implication can be restricted to residents of this state; and no substantial reason for making that distinction appears to exist. To maintain the plaintiff's action, it became necessary for her to resort to the courts of this state. The defendant is a corporation organized and carrying on its business under the laws of this state; and, if the plaintiff is to secure any redress whatever by an action in her favor, it must be by means of a suit prosecuted against the defendant in this state; and to all such actions the provisions of the Code upon this subject appear to extend. And no solid distinction can be made between the rights or merits of a claimant residing within this state and those presented by a resident of another state, obliged to resort to the tribunals of this state for redress and indemnity. But all such cases appear to stand upon the same meritorious ground, where the plaintiff is not financially capable of commencing and prosecuting the action otherwise than as a poor person. This subject was considered in *Heckman* v. *Mackey*, 32 Fed. Rep. 574, by the United States circuit court for the southern district of New York; and it was there held that no such distinction as the defendant's counsel have now insisted upon can be maintained under the language of the statute. And under a similar law in the state of North Carolina the same construction was deemed to be both required and justified. *Porter* v. *Jones*, 68 N. C. 320. And the decision which was then made was in part placed upon subdivision 1, § 2, art. 4, of the constitution of the United States, declaring that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." Cases have been decided by the special terms in which this distinction has been approved, but they do not stand upon the application of any such rules of construction as should commend them to the adoption of this court. On the contrary, the two decisions which have already been mentioned are more consistent with the language of the law and the remedy intended to be provided by it, and should be followed in preference to the other cases which have been decided under these provisions of the statute. The plaintiff previously brought an action for the same relief in the court of common pleas of the city of New York, and it was there dismissed upon the facts set forth in her complaint. But whether this dismissal will constitute a bar to the present action does not sufficiently appear from the affidavits presented upon the hearing of the motion as to justify a conclusion adverse to the plaintiff. It is stated that the dismissal took place under the authority of *Frank* v. *Insurance Co.,* 102 N.

Y. 266, 6 N. E. Rep. 667. But in that case it appeared that the policy in suit had become forfeited by the omission to keep up the premium, while in this case that fact does not appear to exist. Whether the plaintiff will be able to maintain his action upon the policy it is not, however, necessary to decide. It is sufficient that no legal obstacle positively appears to stand at the present time in her way. The case is one, therefore, where the court could properly refuse to vacate the order allowing her to prosecute the action as a poor person; and it followed from that fact that the order requiring her to file security for costs could not regularly be made or maintained. The order should be affirmed, with $10 costs, and the disbursements.