McAdam, J.
The proofs furnished by the defendant are clear and positive to the effect that the plaintiff brought the injury upon herself. While the courts on motions for leave to sue in forma pauperis are not inclined to go *339 into the merits of the controversy, the evidence offered is of such a convincing character that it cannot be overlooked. The plaintiff may reply to the affidavits of the defendan t within two days, and the motion will then be decided.
The following opinion was rendered on the hearing of the motion, after the submission of rebutting affidavit by plaintiff:
McAdam, J.
The plaintiff, an infant sixteen years of age, was injured by a revolving shaft in defendant’s factory, and sues for damages. In order to recover she must satisfactorily establish not only the defendant’s negligence but her own freedom from fault. She now moves for leave to sue in forma patiperis.
The application is opposed by the affidavits of four fellow servants—working girls—all of whom swear that the plaintiff, notwithstanding their remonstrance, voluntarily put herself on the shaft, saying she was going to have a swing. Unless the disinterested evidence of these four witnesses is arbitrarily disregarded, the maxim volenti non jit injuria applies and there can be no recovery. Before granting an application to sue in forma pauperis, the court must be satisfied that the plaintiff has a good cause of action {Code, §460). Unless so satisfied, it would be unjust to place all the machinery of the law at the disposal of one litigant to urge an attack upon another free of expense, and to protect such litigant against the payment of costs to the one pursued, if the pursuit proved disastrous. The plaintiff in such a case, as Lord Bacon says, would become rather “ able to vex than unable to sue.” The rule had its origin in England in the time of Henry VII., to prevent injustice to the poor by oppressors who were denying them their clear legal rights. The order should not be granted except in a reasonably clear case (Harris v. Mutual Life Ins. Co., 20 Civ. Pro. R. 192 : s. c., 37 State Rep. 599; 13 N. Y. Supp. 718 ; Moore v. Cooley, 2 Hill, 412; Brown v. Story, 1 Paige, 40, 588; Downs v. Far *340 ley, 12 Civ. Pro. R. 50, 119). While the courts are adverse to trying the merits of a controversy upon affidavits, no court could conscientiously hold in the face of the evidence produced by the defendant, that it was judicially satisfied that the plaintiff has a good cause of action.
Motion denied, without costs.