### BEYER v. CLARK.

(Superior Court of New York City, Special Term. October 24, 1892.)

SUIT IN FORMA PAUPERIS—WHEN ALLOWED—AFFIDAVITS.
Under Code Civil Proc. § 460, an application for leave to sue in forma pauperis cannot be granted unless the court is satisfied that plaintiff has a good cause of action; and it should be denied in an action by a servant for personal injuries caused by a revolving shaft, where the affidavits of two of her fellow servants state that she voluntarily placed herself on the shaft, against their remonstrances, and, when hurt, said it was her own fault, and those of two other fellow servants state that she sat on the shaft the day before, though plaintiff by her own affidavit positively contradicts them.

At chambers. Action by Anna Beyer, an infant, by Elizabeth Beyer, her guardian ad litem, against Thomas B. Clark, for personal injuries. Plaintiff moved for leave to sue in forma pauperis. Motion denied.

In opposition to the motion, defendant presented the affidavits of two girls, employes of defendant, in which they stated that plaintiff voluntarily, and against their remonstrances, placed herself on the revolving shaft by which she was injured, saying that she was going to have a ride, and, after she was hurt, said it was her own fault. He also presented the affidavit of two other employes of defendant, which stated that on the day before the accident plaintiff sat on the shaft, and took a ride, against their remonstrances, and the affidavit of a man not employed by defendant, that, when he went to the scene of the accident after it occurred, he heard plaintiff say it was all her own fault.

On presentation of the affidavits, McADAM, J., on October 19, 1892, filed the following memorandum: "The proofs furnished by defendant are clear and positive to the effect that the plaintiff brought the injury upon herself. While the courts, on motions for leave to sue in forma pauperis, are not inclined to go into the merits of the controversy, the evidence offered is of such a convincing character that it cannot be overlooked. The plaintiff may reply to the affidavits of the defendant within two days, and the motion will then be decided."

Subsequently plaintiff, in opposition to the affidavits presented by defendant, filed her own affidavit, in which she stated that in passing the shaft her dress was blown against it, and that she did not voluntarily place herself upon it. She denied the statements of the affidavits filed by defendant, and stated that she had never before the day of the accident been in the room in which the shaft was located.

Charles Steckler, for plaintiff.
George M. Barry, for defendant.

---

McADAM, J.  The plaintiff, an infant, 16 years of age, was injured by a revolving shaft in defendant's factory, and sues for damages.   In order to recover, she must satisfactorily establish, not only the defendant's negligence, but her own freedom from fault.  She now moves for leave to sue in forma pauperis.   The application is opposed by the affidavits of four fellow servants,—working girls,—all of whom swear that the plaintiff, notwithstanding their remonstrance, voluntarily put herself on the shaft, saying she was going to have a swing.   Unless the disinterested evidence of these four witnesses is arbitrarily disregarded, the maxim volenti non fit injuria applies, and there can be no recovery.   Before granting an application to sue in forma pauperis, the court must be satisfied that the plaintiff has a good cause of action.  Code, § 460.   Unless so satisfied, it would be unjust to place all the machinery of the law at the disposal of one litigant to urge an attack upon another free of expense, and to protect such litigant against the payment of costs to the one pursued, if the pursuit proved disastrous.   The plaintiff in such a case, as Lord Bacon says, would become rather "able to vex than unable to sue."   The rule had its origin in England in the time of Henry VII., to prevent injustice to the poor by oppressors who were denying them their clear legal rights.   The order should not be granted, except in a reasonably clear case.   Harris v. Insurance Co., (Sup.) 13 N. Y. Supp. 718; Moore v. Cooley, 2 Hill, 412; Brown v. Story, 1 Paige, 588; Isnard v. Cazeaux, Id. 40; Downs v. Farley, 12 Civil Proc. R. 119; Glasberg v. Railroad Co., Id. 50.   While the courts are adverse to trying the merits of a controversy upon affidavits, no court could conscientiously hold, in the face of the evidence produced by the defendant, that it was judicially satisfied that the plaintiff has a good cause of action.

Motion denied, without costs.