(18 Misc. Rep. 353.)

### SALTZMAN v. NORTHROP.

(City Court of New York, General Term. October 30, 1896.)

1. SUIT IN FORMA PAUPERIS—WHEN ALLOWED—AFFIDAVITS.

　　Plaintiff, in an action for personal injuries, may not prosecute as a poor person, under Code Civ. Proc. § 460, permitting him to do so if he has a cause of action, where the cause of action was stated in general terms only, and on information and belief, with no sources of information and belief being given, and defendant introduced affidavits of witnesses of the accident out of which the alleged cause of action arose, positively averring facts showing not only that defendant was not negligent, but that plaintiff was guilty of contributory negligence, and plaintiff failed to reply to those affidavits.

2. SAME—LEAVE TO FILE AFFIDAVITS IN REBUTTAL.

　　Where an applicant for leave to prosecute as a poor person under Code Civ. Proc. § 460, failed to reply, on the application at special term, to affidavits disproving his cause of action, leave will be granted on appeal to the general term to file affidavits in rebuttal.

Appeal from special term.

Action by Rebecca Saltzman against John Northrop. From an order permitting the infant plaintiff to prosecute as a poor person, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and SCHUCHMAN, J.

M. R. Lawrence, for appellant.

Louis Steckler, for respondent.

VAN WYCK, C. J. The application by plaintiff for leave to prosecute as poor person was made under sections 458–460 of the Code, which permits such person, who alleges that he has a cause against another, to apply for such leave by a petition verified by his affidavit, or, if an infant under 14, then by his guardian's affidavit. Section

460 provides that the court so petitioned, "if satisfied of the truth of the facts alleged, and that the applicant has a good cause of action, may, by order, admit him to prosecute as a poor person." The plaintiff's only proof of the truth of the facts alleged, and that she had a good cause of action, was by the complaint and petition, in both of which the cause of action was set forth in general terms, and upon information and belief, with no sources of information or grounds of belief stated, and both of which were verified by the affidavit of her guardian, and by the unverified certificate of her counsel. In opposition to plaintiff's application, the defendant submitted the affidavits, made upon the affiant's knowledge, of two eyewitnesses of the accident out of which plaintiff's cause of action was alleged to have arisen; and for some unexplained reason the plaintiff failed to make any reply whatever to these affidavits, and so left the truth of the positive averments of facts contained therein unchallenged, except so far as they might be deemed controverted by the allegations upon information of the complaint and petition. These affidavits, if stating the true facts of the accident, demonstrated not only that the defendant's driver was not guilty of negligence, but that plaintiff's alleged injuries were caused solely by her own negligence in deliberately running under the wagon to recover a lost ball with which she and a boy were playing. These unchallenged and uncontradicted averments should not have been disregarded upon such an application, made under the provision of that section of the Code, and such was the rule laid down in this court in Beyer v. Clark (Super. N. Y.) 22 N. Y. Supp. 540, in which the plaintiff was given two days within which to submit affidavits in opposition to those of defendant, and of which permission plaintiff availed herself. However, her application was denied, and she left this court to begin her action anew in the superior court, where she secured a verdict, which, however, was set aside at the general term of that court, although the defendant had not taken an exception on the trial, upon the sole ground that her testimony was incredible. Beyer v. Clark (Super. N. Y.) 28 N. Y. Supp. 655. Although the plaintiff obtaining the order appealed from neglected, on the application at special term, to submit affidavits in opposition to those made on defendant's behalf, nevertheless she would have been granted leave there if requested, and will be here, to make reply to the affidavits of defendant. Her proof below shows that she is a poor person, and, if she has a good cause of action, she must have an opportunity to satisfy the court that she has, in order that she may be accorded the right to sue as a poor person vouchsafed to such person under the Code; and to that end the order appealed from will be reversed, without costs, with leave to plaintiff to renew her motion upon same papers and such other affidavits as she may be advised.