(18 Misc. Rep. 568.)

## KAHN v. SINGER MANUF'G CO.

(City Court of New York, General Term. November 30, 1896.)

COSTS—LEAVE TO SUE AS POOR PERSON—AFFIDAVITS.

    An affidavit in opposition to a petition to sue as a poor person is insufficient where it does not controvert the facts in the petition, nor the sufficiency of plaintiff's cause of action, but merely sets up three affirmative defenses.

Appeal from special term.

Action by Herman Kahn against the Singer Manufacturing Company. From an order denying a motion for leave to sue as a poor person, plaintiff appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

R. Goeller, for appellant.

Boream & Hamilton, for respondent.

SCHUCHMAN, J. This is an appeal from an order denying the plaintiff's motion for leave to sue as a poor person. The motion on behalf of the plaintiff is founded on the plaintiff's petition, the pleadings (complaint and answer), the certificate of the plaintiff's attorney to the effect that he examined the case and that the plaintiff has a good cause of action; and it is opposed by the affidavit of William H. Hamilton, one of the defendant's attorneys herein. The moving papers comply with the requirements of Code, §§ 458, 459. Code, § 460, ordains that "the court may [which means must] make the order if satisfied of the truth of the facts alleged in the petition and that the applicant has a good cause of action." The truth of the facts set up in the petition is not controverted. The complaint sets up a good cause of action. It alleges facts which, if established at the trial, will entitle the plaintiff to recover. The plaintiff need not go into the merits of the case, nor prove his right to recover. McNamara v. Nolan, 13 Misc. Rep. 76, 34 N. Y. Supp. 178. The truth of the facts alleged in the petition and the sufficiency of the plaintiff's cause of action can be controverted by affidavits only. The answer is not available for that purpose, because that creates the issues merely. Beyer v. Clark, 29 Abb. N. C. 338, 22 N. Y. Supp. 540. The only opposing affidavit on this motion is the one of Hamilton. It does not controvert the truth of the facts contained in the petition, nor the sufficiency of the plaintiff's cause of action. It sets up three affirmative defenses, to wit, payment, accord and satisfaction, and a prior adjudication, which the defendant must establish on the trial by competent proof, according to the rules of evidence. Section 458 of the Code enacts that "a poor person may apply to the court in which the action is pending, or in which it is intended to be brought," for leave to prosecute as a poor person. This means before or during the pendency of the action. There is no other limitation prescribed. The motion was made soon after the issue was joined. Defendant's point of laches is of no merit. Shapiro v. Burns, 7 Misc. Rep. 418, 27 N. Y. Supp. 980. The plaintiff, having complied

with the statutory conditions, was entitled to have his motion granted as a matter of right, and therefore the order appealed from is reversed, with the costs of this appeal, and the motion granted.

Order appealed from reversed, with costs, and motion for leave to prosecute as a poor person granted.    All concur.