## MARX *et al. v.* GROSS *et al.*

*(Superior Court of New York City, General Term.* May 5, 1890.)

1. PLEADING—AMENDMENT—NEW DEFENSE.
   It is within the power of the court at special term to allow an amendment to an answer setting up a new defense.

2. SAME—INCONSISTENT ANSWERS.
   An answer which denies the making of the contract sued on, and which also alleges that the contract was procured by plaintiff's fraudulent representations, contains inconsistent defenses, and the general denial will be stricken out.

3. CONTRACT—ACTION FOR BREACH—PLEADING.
   In an action for failure to deliver glycerine purchased by plaintiffs from defendants, where the breach of the contract was alleged to have taken place after October 12, 1886, an amended answer averred that the contract was induced by false and fraudulent representations by plaintiffs, and "that subsequently to said 12th

day of October, and on or about the 15th day of October, 1886, defendants learned that said representations were false and fraudulent, and refused to deliver any more glycerine." *Held*, that this was, in effect, an allegation that defendants elected to rescind the contract, and constituted a good defense.

Appeal from special term.

Action by Frederick Marx and others against Eugene A. Gross and others. Plaintiffs appeal from an order allowing defendants to serve an amended answer.

Argued before SEDGWICK, C. J., and TRUAX and DUGRO, JJ.

*George A. Black*, for appellants.     *W. Bourke Cockran*, for respondents.

TRUAX, J. The principal question argued at the general term related to the power of the court at special term to allow an amendment setting up a new defense. We are of the opinion that the special term had the power to allow such an amendment. *Smith* v. *Bodine*, 74 N. Y. 35; *Hatch* v. *Bank*, 78 N. Y. 487.

The action was brought to recover damages for a failure to deliver certain glycerine that plaintiffs had purchased from the defendants. The answer was, in effect, a denial of the making of the contract set forth in the complaint. The defendants asked to amend their answer by setting up the defense that they were induced to make this contract by certain false and fraudulent representations of the plaintiffs. The defendants also sought to recover as a counter-claim certain damages sustained by them by reason of such false and fraudulent representations. We are of the opinion that a good defense to the cause of action stated in the complaint, and a good counter-claim, were set forth in the amended answer. It was alleged in the complaint that the breach of the contract took place after the 12th day of October, 1886. The allegation is in these words: "Since the said 12th day of October, 1886, the defendants have refused and neglected to deliver to the said plaintiffs any more of the said crude glycerine." The amended answer sets up the false and fraudulent representations made by plaintiffs, and shows that defendants relied upon such representations, and believed them to be true, up to and on said 12th day of October. It then proceeds to state that subsequently to said 12th day of October, and on or about the 15th day of October, 1886, the defendants learned that said representations were false and fraudulent, and then refused to deliver any more glycerine at the price agreed upon. This is, in effect, an allegation that the defendants elected to rescind the contract, and constitutes a good defense to the cause of action set forth in the complaint.

The amended answer contains two defenses. It contains a denial of the making of the contract set forth in the complaint, and an allegation that the defendants were induced to make the contract by the false and fraudulent representations of the plaintiffs. These two defenses are inconsistent, and the order should be amended by striking out the general denial. As amended, it is affirmed, without costs to either party. All concur.