### DIETLIN *v.* EGAN.

*(Common Pleas of New York City and County, General Term.* June 6, 1892.)

ATTACHMENT—MOTION TO VACATE—AFFIDAVIT BY PARTY.

    An affidavit filed by defendant in support of a motion to vacate an attachment is the evidence of a party in interest, and the court may refuse to credit it, though it is only denied in general terms, and not specifically by plaintiff's opposing affidavit

Appeal from city court, general term.

Action by Francois X. Dietlin against Thomas D. Egan. From an order of the general term of the city court, affirming an order denying defendant's motion to vacate an attachment theretofore granted, defendant appeals. Appeal dismissed.

Argued before DALY, C. J., and BISCHOFF, J.

*Arthur R. Robertson*, for appellant. *Edmond Huerstel*, for respondent.

BISCHOFF, J. No claim is made on this appeal that plaintiff's affidavit, upon which the attachment was granted, did not *prima facie* present sufficient facts for that purpose, or that plaintiff's proceeding was in any respect irregular, but the sole ground upon which the propriety of the denial of defendant's motion to vacate the attachment is questioned is that the traverse by defendant's affidavit of the facts assigned in support of plaintiff's allegation of a valid and subsisting cause of action, which was necessary to support the attachment, left such alleged cause of action disproved. Plaintiff's affidavit set forth that on or about January 26, 1891, he loaned and advanced to the defendant $1,600, for the repayment of which the latter gave him his promissory note, whereby he promised to repay the sum loaned, with interest, 20 days after the date thereof, but that at maturity the note remained unpaid. Defendant's affidavit, made in support of his motion to vacate the attachment, besides denying the making of the loan as alleged by the plaintiff, set forth that the note referred to by the plaintiff is one of a series of renewals of a promissory note made by defendant, and given by him for an alleged usurious loan, the history of which, down to the note in question, he proceeded to narrate with much elaboration and detail. In answer to defendant's affidavit plaintiff submitted a further one by which he denied, in the

most general way, that he made any corrupt and usurious agreement with the defendant relative to the note mentioned in his first affidavit, and omitted to deny specifically any of the facts and circumstances narrated by the defendant. This last affidavit, defendant contends, was insufficient to call the facts sworn to by him in question, and that these must therefore be taken as admitted, and plaintiff's alleged cause of action deemed disproved; hence that the attachment should have been vacated.

We may agree with the defendant that plaintiff's last affidavit was deficient for the purposes of a denial, and assume that the facts narrated by the defendant, if established by competent and credible evidence, make out a complete defense to the note upon which this action is brought, and yet reach the conclusion that it was within the province of the justice of the court below, at special term, to deny defendant's motion to vacate the attachment, and, being so, that the exercise of his discretion is not reviewable by us. In proper and sufficient support of defendant's claim that plaintiff's alleged cause of action was disproved by the facts narrated by the defendant, and not denied by the plaintiff, it should appear that they were presented to the justice at special term by evidence so conclusive that his refusal to credit it was error in law. Can such be said to be the case here? The rules of evidence governing the testimony of witnesses upon the trial of a disputed question of fact are the same whether the trial be had upon oral testimony or the depositions of the witnesses, and though these rules will not permit the uncontradicted testimony of a witness whose credibility is unimpeached and unaffected by inherent improbability of its truthfulness to be disregarded, there is an exception where the testimony is that of a party in interest; and the judge or jury who are called upon to determine a fact upon the testimony of witnesses may properly refuse to credit the testimony of a witness who is a party in interest, though it be wholly uncontradicted and his credibility not otherwise impeached. *Elwood* v. *Telegraph Co.*, 45 N. Y. 549, 553; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Honegger* v. *Weitstein*, 94 N. Y. 252, 261. It follows from the foregoing that defendant cannot successfully claim as matter of right that his affidavit should have been credited by the justice at special term, and if the justice erred in the exercise of his discretion the affirmance of his order denying defendant's motion to vacate the attachment by the general term of the court below is final and conclusive upon us.

The appeal should be dismissed, with costs.