CIANCIMINO *et al.* *v.* MAN *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. INJUNCTION—INTERFERENCE WITH CORPORATE OFFICERS.
    Where the verified complaint and the affidavit of one of the plaintiffs in an action to have defendant's election as trustee of a corporation declared illegal and void, and for injunctive relief, allege that plaintiffs are trustees *de jure* and *de facto* of such corporation, in quiet and peaceable possession of the corporate property and the management of its business, and that defendants are about to take such property and business from them by force, on the ground that such defendants were trustees *de jure*, a proper case is presented for an injunction restraining such defendants from acting as trustees of the corporation.

2. SAME—CONTINUANCE PENDENTE LITE.
    On the hearing of an order to show cause why such injunction should not be continued *pendente lite*, a motion to continue the same is properly denied, and the injunction properly dissolved, where it appears that for a year preceding the application for such injunction the plaintiff on whose affidavit the same was granted had been enjoined from taking possession of, or in any way interfering with, the property or business of such corporation; that until the day of the application, defendants had been in uninterrupted possession of the corporate property and business; that before business hours on such day plaintiffs, during the absence of defendants, broke into the company's office, and assumed custody and control of the company's books, papers, and property.

3. SAME—EX PARTE APPLICATION.
    Where the injunction is granted *ex parte*, it is void, under Code Civil Proc. § 1809, providing that an injunction restraining a trustee, director, or other officer of a corporation from performing his duties shall not be granted except on notice.

4. SAME—DISCRETION.
    Assuming the court had jurisdiction, the motion was properly denied, and the injunction properly dissolved, since the granting of an injunction pending an action is discretionary, (Code Civil Proc. §§ 602–610,) and plaintiffs' conduct justified the court in its use of such discretion.

5. SAME—CUSTODIAN OF CORPORATE PROPERTY.
    It was not error for the court to appoint an officer of the court custodian of the company's office and property, or to direct him to deliver the same to defendants.

Appeal from special term.

Action by Peter Ciancimino and others against Alrick H. Man and others to have defendants' election as trustees of the Ciancimino Towing & Transportation Company judicially declared illegal and void, and for injunctive relief. Plaintiffs obtained an injunction restraining defendants from acting as such trustees. From an order refusing to continue, and dissolving such injunction, plaintiffs appeal. Affirmed.

The injunction was granted *ex parte*, upon misrepresentations to the effect that plaintiffs were *de facto*, as well as *de jure*, trustees of the corporation, as such in actual possession of its property and the management of its business,

.and that defendants were about to invade plaintiffs' possession, and to assume management of the business by force and violence.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Shepard, Terry, McKelvey & Prentiss,* (*John Jay McKelvey,* of counsel,) for appellants. *A. P. & W. Man,* (*Henry H. Man,* of counsel,) for respondents.

BISCHOFF, J.　A court of equity has no inherent power to try the disputed title to corporate office, and to enjoin one in possession from the exercise of its functions at the suit of a rival claimant.　1 Pom. Eq. Jur. § 171; 3 Pom. Eq. Jur. § 1345; *Mickles* v. *Bank,* 11 Paige, 118; *Lewis* v. *Oliver,* 4 Abb. Pr. 121; *Mayor* v. *Conover,* 5 Abb. Pr. 171; *Insurance Co.* v. *Phillips,* (Mass.) 6 N. E. Rep. 534; *Nathan* v. *Tompkins,* (Ala.) 2 South. Rep. 747; *Owen* v. *Whitaker,* 20 N. J. Eq. 122.　Such may be done, and judgment of ouster rendered, only in an action in the nature of a *quo warranto,* instituted by the attorney general on behalf of and in the name of the people.　Code Civil Proc. §§ 1948, 1984; *Morris* v. *Whelan,* 64 How. Pr. 109; *Palmer* v. *Foley,* 45 How. Pr. 110; *Railroad Co.* v. *Kay,* 14 Abb. Pr. (N. S.) 191. Where, however, the particular case presents other features calling for relief, which are of equitable cognizance, and the trial of a disputed title to corporate office is only incidental thereto, the court may inquire into the legality of the election, and grant such relief as the special exigencies require, (*Reis* v. *Rohde,* 34 Hun, 161; *Palmer* v. *Foley,* 36 N. Y. Super. Ct. R. 14; *Mechanics' Nat. Bank* v. *Burnet Manuf'g Co.,* 32 N. J. Eq. 236; *Nathan* v. *Tompkins,* [Ala.] 2 South. Rep. 747; *Perry* v. *Mill Co.,* [Ala.] 9 South. Rep. 217;) but its judgment cannot go to the extent of ousting a *de facto* officer, nor will it be permitted to have that effect, (*Johnston* v. *Jones,* 23 N. J. Eq. 216; *Fadness* v. *Braunborg,* [Wis.] 41 N. W. Rep. 84; *Coke Co.* v. *Wright,* 18 Wkly. Rep. 728.)　The verified complaint, and the affidavit of Peter Ciancimino, one of the plaintiffs, alleged that plaintiffs were the trustees *de jure* and *de facto,* in quiet and peaceable possession of the property of the corporation and the management of its business, and that defendants were about to invade their possession, and to wrest the property and business from them by force and violence, on the pretense that they (defendants) were trustees *de jure.*　These facts presented a proper case for injunctive relief (*Reis* v. *Rohde, Palmer* v. *Foley, supra,*) and upon the truth of their allegation the maintenance of the action and the power to continue the injunction were dependent.　On the hearing of the order to show cause why the injunction should not be continued *pendente lite,* it sufficiently appeared from the affidavits submitted for defendants that, for upwards of a year immediately preceding the application for the injunction, Peter Ciancimino, upon whose affidavit it was granted, and by whom also the complaint was verified, had been enjoined by another injunction order issued against him in an action pending in the supreme court from taking possession of, or in any wise interfering with, the property or business of the corporation; that, until the close of business hours on the previous day, defendants had been in quiet, peaceable, and uninterrupted possession of the corporate property and business, and that before the beginning of the business hours in the morning of the day on which they applied for and served the injunction granted herein, plaintiffs, during the absence of the defendants, forcibly and violently broke into the company's office, in anticipation of the injunction, and that defendants would be thereby rendered powerless to resist and retake possession, and assumed custody and control of the company's books, papers, and property.　These facts conclusively refuted plaintiffs' allegation that they were *de facto* trustees, in actual, peaceable, and undisturbed possession of the management and control of the corporate business and property.　The jurisdictional facts were thus disproved, and the power of the court to determine the action, or to award

injunctive relief therein, arrested; and the motion to continue the injunction was thus properly denied, and its dissolution properly directed. From the foregoing facts it also appeared that defendants were *de facto* trustees, and last in the actual and peaceable possession of the company's office and the management of its business, and the injunction thereupon was void, under the provisions of Code Civil Proc. § 1809, that such an order shall not be granted to restrain a trustee, director, or other officer of a corporation from the performance of his duties except upon notice.

But, independent of the grounds above mentioned, and assuming that the court had jurisdiction, the order appealed from was properly made. Until the final adjudication in favor of plaintiffs of the facts entitling them to injunctive relief, the granting of the provisional remedy by injunction authorized by the Code of Civil Procedure (sections 602–610) rested in judicial discretion, (*Hudson River Tel. Co.* v. *Watervliet Turnpike & R. Co.*, 121 N. Y. 397, 24 N. E. Rep. 832; *MacLaury* v. *Hart*, 121 N. Y. 636, 24 N. E. Rep. 1013;) and the facts that he had willfully concealed the injunction of the supreme court, the knowledge of which would unquestionably have materially influenced the judge who granted the injunction herein in disposing of plaintiffs' application; that his allegations of plaintiffs' quiet and peaceable possession of the corporate business and property were shown to be untrue; and that its order was prostituted and abused,—justified the court in discrediting the statements of any of the plaintiffs as those of parties in interest, (*Dietlin* v. *Egan*, [Com. Pl. N. Y.] 19 N. Y. Supp. 392,) though not specifically denied. For the deception and misrepresentation practiced upon the court on the application for the injunction it was also within the province of the judge to vacate it, (High, Inj. § 885,) and, *a fortiori*, to do so for its abuse, (*Depeyster* v. *Graves*, 2 Johns. Ch. 148; *Higgins* v. *Dewey*, [Com. Pl. N. Y.] 14 N. Y. Supp. 894.)

We entertain no doubt as to the propriety of the order made by the judge who granted the injunction appointing an officer of this court custodian of the company's office and property, and directing delivery thereof to him, when informed of the uses to which the injunction was perverted; nor as to the directions in the order appealed from that the custodian deliver the property of which he had secured possession to the defendants. Deposit of the property affected in court, or, where that was impracticable, delivery to its custodian for such purpose appointed, has been frequently required pending an application for relief, and when such was deemed necessary for the protection of the contending parties. The authority to do so is but a necessary adjunct to the greater authority of awarding the relief, and farcical, indeed, would be the dignity of our courts if they could not by drastic measures insure the return of property, the possession of which was obtained by means of an abuse of their mandates, and orders surreptitiously procured. We are not required, except when the order appealed from is reversed or modified, to direct restitution of moneys or property secured by means of it, (Code Civil Proc. § 1323;) and, as it nowhere appears that the custodian obtained possession of property other than such as plaintiffs had secured by an abuse of the injunction, there is no occasion for any modification of the order appealed from in so far as it directed the custodian to deliver the property in his possession to defendants. If, notwithstanding, however, defendants have inadvertently obtained possession of other property, the direction for restitution would be *ex gratia*, and from this plaintiffs are precluded because of their own conduct, and they should therefore be left to their remedy by action. The order appealed from should be affirmed, with costs. All concur.