(8 Misc. Rep. 98.)

### MITCHELL v. DICK.

(Superior Court of New York City, Special Term. April, 1894.)

1. SECURITY FOR COSTS—EX PARTE ORDER WITHOUT NOTICE.
   An ex parte order without notice may be granted requiring a nonresident plaintiff to file security for costs.
2. SAME—SUFFICIENCY OF MOVING AFFIDAVIT.
   An affidavit which stated that defendant's attorney was informed by one H., a personal friend of plaintiff, that plaintiff is a nonresident, but that H. refuses to make an affidavit, makes out a prima facie case of the nonresidence of plaintiff.

Action by Charles Mitchell against William B. Dick. Plaintiff moves to vacate an ex parte order requiring him to file security for costs. Denied.

Louis J. Grant, for motion.
Reginald H. Arnold, opposed.

GILDERSLEEVE, J. This is a motion to vacate an order, granted ex parte, requiring plaintiff to file security for costs. The order was granted upon an affidavit of defendant's attorney that the plaintiff, at the commencement of the action, was, and still is, a nonresident of this state. The plaintiff's counsel contends (1) that it was improper for the court to grant the order ex parte; and (2) that the affidavit upon which it was granted is insufficient.

With the first contention, I cannot agree. While it has been held that an order, made without notice, to compel a plaintiff suing as an executor to give security for costs, under section 3271 of the Code, is irregular (see Swift v. Wheeler, 46 Hun, 581), I am not aware of any authority which applies the same doctrine to an order, granted ex parte, requiring a nonresident plaintiff to file security for costs. It is true that the supreme court, in the case of Churchman v. Merritt, 2 N. Y. Supp. 843, rather inclines to the belief that it would be the better practice to give notice; but the opinion in that case particularly states that, "as the law is enacted, an absolute order in the first instance is not unauthorized." It is the generally accepted doctrine that an order requiring security for costs in an action where the plaintiff was, at the time of the commencement thereof, a nonresident of this state, may be granted by the court, on an ex parte application of the defendant, upon due proof being given of the necessary facts entitling the defendant to the same. In such a case the plaintiff is not entitled to notice. See Wood v. Blodgett (Sup.) 2 N. Y. Supp. 304.

With regard to the second contention of plaintiff's counsel, i. e. that the affidavit is not sufficient, it may not be improper, perhaps, in the first place, to note the fact that the plaintiff is a well-known pugilist, of generally conceded English nationality and citizenship. But, aside from this fact, the affidavit states that defendant's attorney has been informed by several people, and especially by Col. William E. Harding, the sporting editor of the Police Gazette, and a personal friend and acquaintance of the plaintiff, that said plaintiff is, and at the commencement of the action was, a nonresident of this state, and a resident of England, and that defendant's attorney is unable to procure an affidavit to this effect from Col. Harding, for the reason that Col. Harding, as a friend and personal acquaintance of the plaintiff, refuses to make any affidavit as to the nonresidence of plaintiff. This affidavit certainly makes out a prima facie case of the nonresidence of plaintiff; and, on this motion to review the order, the plaintiff hands up no affidavits tending to show that plaintiff is not a nonresident, or was not at the time of the commencement of the action. The defendant was not guilty of any laches, in making his application for the order, that would warrant its being set aside. I am of the opinion that the motion to vacate the order must be denied, but with leave to plaintiff to renew the same, if he sees fit, upon affidavits showing that the claim of nonresidence is not in fact well founded. No costs. Ordered accordingly.