(8 Misc. Rep. 100.)

HURLBUT v. INTERIOR CONDUIT & INSULATION CO.

(Superior Court of New York City, Special Term. April, 1894.)

1. PLEADING—AMENDED COMPLAINT.
   Where the complaint in an action to recover royalties under a patent alleges that defendant failed to pay the royalties, and the answer denies that any royalties are due, leave to serve an amended answer, so as to put more distinctly in issue the question whether the goods on which plaintiff claimed royalties were manufactured under his patent, will be denied, as such question is sufficiently presented by the pleadings.

2. SAME—NEW DEFENSE IN AMENDED ANSWER.
   An answer may be amended so as to set up a new defense.

3. SAME—LACHES.
   An application to serve an amended answer will be denied when made after the case had been at issue for nearly a year, and was expected to be soon reached for trial.

Action by Daniel M. Hurlbut against the Interior Conduit & Insulation Company. Defendant moves for leave to serve an amended answer. Denied.

Eaton & Lewis, for the motion.
Kneeland & Stewart, opposed.

GILDERSLEEVE, J. The defendant makes a motion to serve an amended answer. The summons and complaint were served on March 29, 1893, and the answer was served on May 1, 1893; and the case is now on the calendar, and is expected to be shortly reached for trial. The action is brought to recover royalties on certain tubing manufactured by defendant. The plaintiff is the owner of patents Nos. 441,845 and 441,846; and he made the defendant his licensee, with the sole right of manufacturing tubing under plaintiff's said patents. After the making of this contract, defendant acquired the right to manufacture tubing under a subsequent patent, No. 477,593, procured by one Greenfield, and after that time, as defendant claims, manufactured tubing under both said patents. The complaint sets forth the ownership of patents Nos. 441,845 and 441,846 by plaintiff, the contract with defendant, the failure of de-

fendant to pay royalties, under the contract, on a large amount of tubing manufactured by defendant, and demands payment of such royalties, with interest, etc. The answer admits the contract, but denies that there is anything due under it. The defendant now moves for leave to serve an amended answer, putting more distinctly at issue the question whether the large amount of tubing manufactured by defendant, upon which plaintiff claims royalties, was in fact manufactured under plaintiff's patent, or under the Greenfield patent. I am of the opinion that the motion should not be granted. Aside from any question of jurisdiction that might be raised on the ground of a state court passing upon the infringement of a patent, it seems to me that the motion should be denied on its merits. The pleadings are sufficiently complete as they stand. The complaint alleges the failure to pay royalties under the contract. The answer denies any royalties are due. Upon the trial the plaintiff will have to prove the manufacture of tubing under plaintiff's patent upon which royalties are due; and the defendant, under its answer, will be at liberty to show that the tubing was not manufactured under plaintiff's patent, and that no royalties are due. The ground, however, that the amendment, if allowed, would set up a new defense, and that, therefore, the court could not grant the motion, is untenable, for the power of the court at special term to allow an amendment setting up a new defense is well established. See Marx v. Gross (Super. N. Y.) 9 N. Y. Supp. 719. Another reason that might be urged against the motion is the laches of defendant. Laches in making the application forms a sufficient reason for denying an application to amend a pleading which might have been granted if seasonably applied for. Newman v. Marvin, 12 Hun, 236; Grant v. Griswold, 21 Hun, 509; Henderson v. Savage, 46 N. Y. Super. Ct. 221. The case has been at issue nearly a year, and is expected to be reached shortly for trial, as appears by the affidavit of defendant's counsel on this motion. It is rather late now to apply for leave to amend the answer. For the reasons above stated the motion is denied, with $10 costs.

Motion denied, with costs.