(12 Misc. Rep. 400.)

### MODEL BUILDING & LOAN ASS'N v. PATTERSON et al.

(City Court of Brooklyn, Special Term. May, 1895.)

INJUNCTION—OFFICERS OF CORPORATION—DISPUTED TITLES.

Where plaintiffs are in possession of the books and assets of a corporation, claiming to be its trustees, defendants, who assert an adverse claim as trustees, will be enjoined from interfering with plaintiffs' possession, but the injunction will be without prejudice to their right in a proper proceeding to determine the question of title to the trusteeship.

Action by the Model Building & Loan Association against Thomas Patterson and others for an injunction. Judgment for plaintiff.

Judge & Durack, for plaintiff.

Grout, De Fere & Mayer, for defendants.

OSBORNE, J. This action is brought in the name of the plaintiff by the board of trustees thereof who were in office prior to January 23, 1895. They claim still to be such trustees, and they are in the present possession of the books and papers of the plaintiff, and of its assets, valued at about $12,000. Defendants claim to constitute, with others, the present legally elected board of

trustees of plaintiff, and seek to obtain possession of the books of plaintiff. Plaintiff asks for judgment enjoining defendants from interfering with the association, and from attempting to seize any of the property of the plaintiff.

It is well settled that a court of equity has no inherent power to try, as a naked question, the disputed title to office of trustees of a corporation; nor will it undertake to do so. Such a contest involves the determination of questions of law, which are not properly cognizable, in the first instance, in a court of equity. Where, however, one set of trustees claims to be de facto in office, and has the possession and control of the corporate books and assets, and it appears that a rival board of trustees, claiming to be such trustees de jure, is seeking to obtain possession and control of the corporate assets, then a court of equity will interfere, not to decide who are the legal trustees, but to prevent an unseemly struggle for possession between the rival boards of trustees; and, on a proper case being made, a court of equity will interfere by injunction, and restrain the claimants out of possession from interfering with the possession of the corporate books and assets till the title of the rival claimants to office as trustees can be properly adjudicated upon, either in an action at law or by a proceeding in the nature of a quo warranto, or by the summary proceeding provided by section 27 of the general corporation law (Laws 1892, c. 687); but the granting of such injunction is not to be construed as in any manner passing upon the validity of the claim of either set of claimants to the trusteeship which they claim to hold. Reis v. Rhode, 6 Civ. Proc. Rep. 406; Ciancimino v. Man, 1 Misc. Rep. 121, 20 N. Y. Supp. 702, and cases cited. Applying these well-settled principles of law to the case now before me, I am of the opinion that, while plaintiff has failed to make out any case of conspiracy or fraudulent intent on the part of the defendants, yet it does appear that defendants do seek to obtain possession and control of plaintiff's books on the ground that they have been legally elected trustees of the plaintiff, and are entitled to such possession and control. The validity of defendants' claim to such possession and control depends entirely on whether they are such trustees, and that issue, as before stated, cannot be tried in this action. Under all the circumstances disclosed on the trial, it seems to me proper, and for the best interest of plaintiff and its shareholders, that equity should interfere to prevent any unseemly contests or quarrels between the plaintiff and the defendants looking to obtaining the possession and control of plaintiff's books and assets until such time as the question as to who constitute the present board of trustees of plaintiff can be fairly passed upon in the manner provided by law. I therefore direct that the defendants be enjoined from interfering with or attempting to seize any property of the plaintiff; but such injunction shall not be construed in any way as interfering with or preventing any legal proceedings which either or any party hereto may take to obtain a legal determination of the question as to who constitute the board of trustees of the plaintiff, or to carry any such determination into effect, nor shall it interfere with any steps

that defendants, or any of them, may see fit to take with a view of maintaining their alleged membership in the plaintiff. Ordered accordingly.