(13 Misc. Rep. 143.)

### HAND v. SHAW et al.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

Costs—Security—New York City Court.

    An order directing plaintiff in an action in the New York City court to give security for costs will not be reversed on the ground that the moving affidavit did not state that plaintiff had not an office in the city, where plaintiff, on the hearing of the motion, submitted affidavits tending to show residence, and defendant's affidavit showed facts and particulars of nonresidence.

Appeal from city court, general term.

Action by Elwood S. Hand against William A. Shaw and James K. Shaw to recover $235, alleged to be due on a contract for advertising. From an order of the city court (33 N. Y. Supp. 1129, mem.) affirming an order requiring plaintiff to file security for costs on the ground that he was a nonresident, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles De Hart Brower, for appellant.

David J. Newland, for respondents.

BOOKSTAVER, J.   The right of a defendant in an action to security for costs where the plaintiff is a nonresident is an absolute one, and does not rest in the discretion of the court. Buckley v. Manufacturing Co., 3 Civ. Proc. R. 429, affirmed 93 N. Y. 637; McDonald v. Peet, 7 Civ. Proc. R. 200. Whether or not a party against whom such a motion is made is a nonresident is to be determined from the evidence submitted, and in this case such evidence was by affidavit. The ordinary rules of evidence governing the testimony of witnesses upon the trial of disputed questions of fact are the same whether the trial be had upon oral testimony or the depositions of witnesses. Dietlin v. Egan (Com. Pl. N. Y.) 19 N. Y. Supp. 392. In this case there was abundant evidence to sustain the decision made at the special term of the city court. It is true that this was contradicted by opposing affidavits, from which a contrary conclusion might have been arrived at; but it is not the province of this court to review a decision made upon disputed questions of fact.

Appellant, however, contends that the affidavits nowhere stated that the plaintiff did not have an office in the city of New York, and therefore did not bring himself within the provisions of the Code requiring security for costs. As there was a hearing of the motion for security on an order to show cause, at which the plaintiff submitted affidavits tending to show residence, and the defendants

affidavits on their part to show facts and particulars of nonresidence, the question was fully and completely before the court below, and, if it had been the fact that the plaintiff did at that time have an office in the city of New York, he could have shown it by affidavit, when, although an actual nonresident of the state, he would have been deemed a resident for the purposes of giving security for costs. Mitchell v. Dick, 8 Misc. Rep. 100, 28 N. Y. Supp. 1003. The case of Stephenson v. Hansen, 4 Civ. Proc. R. 104, is clearly distinguishable from this. In the case before us the plaintiff was called into court by an order to show cause, and undertook to show that he was a resident, and it rested on him to show everything possible to support his contention. Mitchell v. Dick, supra.

The order should therefore be affirmed, with costs. All concur.