(28 Misc. Rep. 488.)

## PODMORE v. SEAMEN'S BANK FOR SAVINGS.

(Supreme Court, Appellate Term.   July 26, 1899.)

1. COSTS—NONRESIDENT EXECUTOR.

A nonresident executor, appointed by the surrogate of the county of New York, can be required to give security for costs in an action commenced by him in the city court of the city of New York, under Code Civ. Proc. § 3268, which provides that defendant, in an action brought in the city court, may require such security when the plaintiff is not a resident of the city.

2. SAME—JUDICIAL DISCRETION.

Under Code Civ. Proc. § 3271, which provides that in an action brought by or against an executor in his representative capacity the court may, in its discretion, require him to give security for costs, the supreme court will not disturb an order requiring plaintiff to furnish security for costs, made on notice, and after a hearing.

Appeal from city court of New York, general term.

Action by John Podmore, as administrator, against Seamen's Bank for Savings.   From a judgment of the general term, affirming an order requiring plaintiff to give security for costs (57 N. Y. Supp. 829), plaintiff appealed.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Hymes, Woytisek & Schaap, for appellant.
Strong & Cadwalader, for respondent.

FREEDMAN, P. J.   It has been decided by the court of appeals in Tolman v. Railroad Co., 92 N. Y. 353, that the provisions of the Code requiring security for costs are to be construed independently of the provisions relative to costs against executors and administrators upon final judgment, and that the scope of sections 3268 et seq. is not to be limited by section 3246.   It therefore follows that, since section 3246 cannot control or affect the operation of section 3271, which relates to security for costs in actions where executors and administrators are specifically mentioned, it cannot control or affect the operation of section 3268, in which they are not mentioned.   Under section 3268 it has been repeatedly held that a defendant who moves promptly has an absolute right to security for costs from a nonresident plaintiff.   Healy v. Railway Co., 1 Civ. Proc. 15;   Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304;   Churchman v. Merritt, 50 Hun, 270, 2 N. Y. Supp. 843;   Hand v. Shaw, 13 Misc. Rep. 143, 34 N. Y. Supp. 115.   It is conceded that the plaintiff does not reside within the jurisdiction of the city court.   He therefore comes literally within section 3268.   The mere fact that he is an administrator by appointment by the surrogate of the county of New York makes no difference.   Murphy v. Darlington, 1 Code Rep. 85.   In Tracy v. Dolan, 31 App. Div. 24, 52 N. Y. Supp. 351, the nonresidence of the executors was considered as an incident to be considered in the case, and they were ordered to give the additional security.   The special term cases of Hall v. Waterbury, 5 Abb. N. C. 356, and McDougal v. Gray (Sup.) 4 N. Y. Supp. 74, should not be followed.   I am clearly of the opinion that the case falls squarely within section 3268.   More-

over, if the city court had any discretion in the matter, the order was properly made under section 3271. It was made upon motion founded upon regular notice, and after a hearing on each side. In that aspect of the case the exercise of that discretion will not be disturbed.

Order affirmed, with costs. All concur.