(30 Misc. Rep. 326.)

### In re JOURNAL PUBLISHING CLUB, Limited.

(Supreme Court, Special Term, New York County. January, 1900.)

1. MANDAMUS—PEREMPTORY WRIT—AFFIDAVITS OF PETITIONER—DENIALS—SUFFICIENCY TO CREATE ISSUE.
    Denials of the affidavits of the petitioner for mandamus for a peremptory writ, made on information and belief, and on want of any knowledge or information sufficient to form a belief, do not create an issue of fact, which, under the rules obtaining in such a case, would compel petitioner to resort to an alternative writ.

2. SAME—DELIVERY OF CORPORATE PROPERTY—DEMAND—IMMATERIAL ISSUE.
    Where defendant to an application for mandamus to compel him to turn over books and property of a corporation to its directors rests his defense on the ground that he is absolutely entitled thereto, an issue as to whether or not a demand was made on him therefor is immaterial.

3. SAME—RIGHT TO PEREMPTORY WRIT.
    Where it appears that the right of certain persons to represent a corporation, as directors, has been established by judicial determination, and that one in possession of its books and property contests their right thereto, a peremptory writ will issue against him to compel him to surrender the same.

Application for a peremptory writ of mandamus against Eugene H. Porter, to compel him to surrender books and property of the Journal Publishing Club, Limited, to Daniel L. Cady and others, directors. Granted.

Herbert C. Smyth, for motion.
John Sabine Smith, opposed.

BEEKMAN, J. A proceeding was heretofore instituted in this court entitled, "In the Matter of the Election of Directors of the Journal Publishing Club, Limited," in which an order was made

and entered on the 6th day of November, 1899, whereby, after the usual recitals, it was ordered "that Daniel L. Cady, St. Clair Smith, and Frederick J. Knott are hereby declared to be the directors of the Journal Publishing Club, Limited, for the year beginning May 15, 1899, and the election of such officers is hereby established." Thereafter an appeal was taken from said order to the appellate division, First department, which at the time this motion was argued was still pending and undetermined. The motion now before me is for a peremptory writ of mandamus, which is based upon the order above mentioned, requiring the displaced directors to surrender the books and property of the corporation to those who have been so declared by the court to constitute the directors of the company. Voluminous papers have been submitted in answer to the affidavits of the petitioner, obviously for the purpose of creating, if possible, an issue of fact, which, under the rules obtaining in such cases, would compel the petitioner to resort to an alternative writ. Denials are made in some cases on information and belief, and in other cases of any knowledge or information sufficient to form a belief. Other allegations are evasive, and many really state nothing except the conclusions of the affiants with respect to matters of law and fact. While such denials are permissible in pleading to an alternative writ, the rule is quite different with respect to affidavits in answer to an application for a peremptory writ. In re Guess, 16 Misc. Rep. 306, 38 N. Y. Supp. 91; People v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639; People v. York, 31 App. Div. 527, 530, 52 N. Y. Supp. 401, 1060; People v. Protective Union, 20 App. Div. 8, 11, 46 N. Y. Supp. 648. But there is no dispute that the order in question, made on November 6, 1899, was actually made, nor that the books and property of the corporation which the petitioner seeks to obtain are in the possession and under the control of Eugene H. Porter, claiming, adversely to the decision of the court, to be still a director of the corporation, and secretary and treasurer of the same. While there might be some question whether he has not put in issue the statement made in the petitioner's papers, that the delivery of said books and property was demanded of him, still his resistance to this motion really rests upon the ground that he is absolutely entitled to retain the possession of such books and property, despite the decision of the court to the contrary. Under such circumstances, whether or no the demand was made would seem to be immaterial. We have, then, these facts, which are not really in issue upon the papers: First, that the order in question was duly made and entered; second, that the respondent Porter has possession of the books and property of the corporation; third, that he contests the right of the petitioner to the possession of the same. I am of the opinion that under this state of facts the petitioner is clearly entitled to the relief for which he asks. As the right of the new directors to represent the corporation has been established by judicial determination, it necessarily follows that they, and they alone, are entitled to manage and control its affairs, and, as a necessary consequence, that they are entitled to the possession of its books and property. As the petitioner has made out a clear legal

right to such relief, a peremptory mandamus should accordingly issue against the respondent Porter, compelling him to surrender the books and property. It was urged in opposition to the motion that the writ should not issue because of the pendency of the appeal to the appellate division from the order of November 6th. It is unnecessary, however, to consider this, which was in the nature of an appeal to the discretion of the court, for the reason that since the argument the appeal has been decided by an affirmance of the order.

Motion granted.