ANNA D. SHEEHY and Another, Plaintiffs, *v.* TOWN OF HAMBURG and Others, Defendants.*

Supreme Court, Equity Term, Erie County, July 20, 1928.

---

* See, also, 134 Misc. 765.

*Henry Adsit Bull*, for the plaintiffs.

*Ticknor & Pomeroy* [*Willard H. Ticknor* of counsel], for the defendants town of Hamburg and the town board thereof.

*Joseph C. Baecher* and *S. Fay Carr*, for the defendants Frieh.

*Hull & Hammond* [*Clark H. Hammond* of counsel], for defendants sewer commissioners.

NOONAN, J. This action was brought by taxpayers of the town of Hamburg, N. Y., living in the Mount Vernon sewer district of said town, to enjoin said sewer commissioners from carrying out the proposed purchase from George J. Frieh and Victoria Frieh, his wife, of a parcel of land for the use of the sewer district, at the price of $51,000, which land is more fully described in the pleadings herein, and also to restrain the said sewer commissioners from entering into a contract with Moore-Thomas, Inc., for the construction of a plant and buildings for a sewage and disposal plant, at a cost of some $80,000, and also to restrain them from entering into a contract with Liberto & Cerullo for the construction of various sewers, at a cost of over $90,000.

The plaintiffs allege that the proposed expenditure as above stated would involve waste of and injury to the property of the plaintiffs and the property of other taxpayers in the said Mount Vernon sewer district in the town of Hamburg. The plaintiffs also allege that the construction of said sewage disposal plant would constitute a nuisance, and would greatly damage the property in the said district.

There is little or no dispute as to the facts before the court. The regularity of the proceedings of the town board leading up to the

appointment of said sewer commissioners is conceded by all parties. It appears that all of the various sewer commissioners appointed took the oath of office and filed the requisite bonds. The sole question litigated is whether or not some of the commissioners were qualified to act.

The first commissioners appointed were Kenneth C. Rowland, Allen B. French and Frederick M. Sanderson. French and Sanderson resigned on December 24, 1927, before any contracts were entered into, and Elmer E. Nitrauer was appointed to succeed French, and William L. Eckley was appointed to succeed Sanderson on the same day. When they were appointed, the town board knew that they were not freeholders and taxpayers in the Mount Vernon sewer district. The most than can be said in justification of the action of the town board is that the Mount Vernon-Ricaby Company, which owns a large part of the subdivision, had promised to deed property to Nitrauer and Eckley, so they would become qualified to act. So far as the evidence shows, this was never done. On January 27, 1928, Nitrauer resigned, effective February 1, 1928, and on February 2, 1928, Walter H. Angell was duly appointed to succeed him. There is no proof to show that Angell was a freeholder and taxpayer in the said district.

Section 231 of the Town Law (as amd. by Laws of 1926, chap. 500) provides for the establishment of new sewer districts and for the town board " appointing three *taxpayers therein* as sewer commissioners." The Legislature evidently intended that the men charged with the responsibility in matters of such importance should be taxpayers in the district affected thereby, and thus share the burdens imposed by their own acts. I think the statute should be strictly construed. In analogous situations, such as the appointment of appraisers in condemnation proceedings, the courts have always insisted that the requirements of the statute be complied with, especially when the objection was timely. (*Matter of Terminal Railway of Buffalo*, 16 App. Div. 515.) The reason for a strict compliance with the statute is the same in both cases; in the present case to have a commission interested in the construction of the sewer at a proper cost, and in condemnation proceedings to see that the property holders get a fair compensation for the property taken.

Objection is made that the proceeding is not in proper form, and that the question of whether or not the sewer commissioners are eligible to hold office should be tested in a quo warranto proceeding. Such a proceeding would not protect the plaintiffs at this time, because one of the sewer commissioners who signed the contract, Mr. Elmer E. Nitrauer, has resigned, and a quo warranto proceeding does not lie where the office is vacant. (*People ex rel. Kelly* v. *Com-*

*mon Council, City of Brooklyn*, 77 N. Y. 503.) However, there are cases that hold that the quo warranto proceeding is not exclusive. (*Forman* v. *Bostwick*, 139 App. Div. 333, 335.) If there are disputed issues of fact to be tried, quo warranto is the proper proceeding; but, if the facts are undisputed, as in this case, there is ample authority for sustaining the present action.

In *Ciancimino* v. *Man* (1 Misc. 121) I think the court correctly stated the rule applicable to the present situation, as follows: " Where, however, the particular case presents other features calling for relief, which are of equitable cognizance, and the trial of a disputed title to corporate office is only incidental thereto, the court may inquire into the legality of the election, and grant such relief as the special exigencies require."

If I am right in my conclusions, the judgment should be in favor of the plaintiffs for the relief demanded in the complaint, and judgment may be entered accordingly, with costs against the Mount Vernon sewer district only.