Charles J. Beckinella, J.
The motion papers reveal a dispute among three persons who among them own equally the stock of a domestic corporation, Clark Merchandisers, Inc. By a not unusual arrangement, these persons had entered into a contract for the purpose of permitting equality of control, for the sharing of the corporate offices and for the payment to them of stated salaries. Such contracts, where not violative of positive law or the rights of creditors, are permissible. (Clark v. Dodge, 269 N. Y. 410, 416; Benintendi v. Kenton Hotel, 294 N. Y. 112, 118.) The law, of course, will not sanction a “sterilized” board of directors (Long Park v. Trenton-New Brunswick Theatres Co., 297 N. Y. 174). A disagreement subsequently occurring among them, two of their number, at a *107 special meeting of the hoard of directors called by them and attended by petitioner as the third member of the board, discharged petitioner as an officer and employee of the corporation and terminated his salary as such.
Petitioner, by this motion, seeks an order, pursuant to article 78 of the Civil Practice Act “ setting aside the Special Meeting of the Board of Directors of July 5, 1955, vacating the removal of the petitioner as vice-president and secretary of the respondent corporation, and for such other and further relief as to the court may seem just and proper.”
By cross motion respondents ask that the petition be dismissed.
It is apparent from a reading of the petition that the petitioner relies not on any violation of statutory law governing corporations but upon the contract made between the parties for the protection of his rights, such as his continuance as vice-president and secretary (par. 7); payment to him of his salary of $150 a week (id.); and an agreement to submit any and all disputes to arbitration (par. 8). Although petitioner does charge a violation of the corporate by-laws with respect to the conduct of the special meeting, section 28 of the General Corporation Law provides that any business may be transacted at a meeting of a board of directors at which every director is present.
“As a general rule courts have nothing to do with the internal management of business corporations.” (Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493, 507.) The manner in which they may intervene, summarily, as here sought, is limited and prescribed by statute. By section 25 of the General Corporation Law, for example, the Supreme Court, at a Special Term, is authorized to take proof and pass upon the validity of corporate elections. Even in such case the inquiry goes only to the regularity thereof and is not concerned with the permissible discretion of the stockholders or directors. No such election is before it on this application, but rather the removal of an officer by the majority vote of a board of directors. The directors, of course, are the managers of the corporation, and by their majority acts conduct its affairs, including the appointment of its officers. (General Corporation Law, § 14, subd. 4; §§ 27, 28; Stock Corporation Law, § 60.) Such power carries with it the correlative power of removal (Walker Mem. Baptist Church v. Saunders, 173 Misc. 455, affd. 259 App. Div. 1010, revd. on other grounds 285 N. Y. 462).
Other avenues of judicial supervision are set forth in article 6 of the General Corporation Law. They are not involved here. *108 If they were, the remedy to enforce them would be by action (see § 60).
While this court retains its ancient and inherent visitorial supervision of corporations (Raub v. Gerken, 127 App. Div. 42), there is no showing here to invoke that power since petitioner’s asserted rights stem from his contract.
In my opinion the provisions of article 78 of the Civil Practice Act are inapplicable to the facts shown. Article 78 is a general statute which obtains where no other remedy is specifically provided (Matter of L’Hommedieu v. Board of Regents, 276 App. Div. 494, 502; Moir v. Provident Sav. Life Assur. Soc., 127 App. Div. 591, 604; Marfran Realty Corp. v. Agin, 261 App. Div. 927).
Petitioner is not without remedy. For violation of his contractual rights he may bring suit for specific performance and damages. For fraudulent acts done he can sue as a stockholder or pursuant to sections 60 and 61 of the General Corporation Law. Such relief, however, is to be sought in a plenary action. (Cf. Everett v. Phillips, 288 N. Y. 227; McQuade v. Stoneham, 263 N. Y. 323; Clark v. Dodge, supra.)
Accordingly, petitioner’s motion is denied and respondents’ cross motion to dismiss is granted, but without prejudice to petitioner’s rights otherwise. Settle order on notice.