Clarence J. Henry, J.
This is a petition by one claiming to be the duly elected secretary of Keystone Development, Inc., *49 a domestic corporation, for an order in the nature of mandamus directing the respondents to surrender all books, papers, records, documents, instruments and assets of the corporation.
The allegations of the petition, the answer (which denies all of such allegations), and the affidavit submitted on behalf of the respondents, display a lively controversy, in fact and in law, as to whether the respondents or a rival board, which elected the petitioner, are the duly and properly elected directors of the corporation.
Thus these proceedings are essentially a contest between rival factions for control of the corporation. True the actual relief requested is mandamus, equitable in nature, but the granting or refusal of it would require, of necessity, and somewhat more than incidentally, a determination as to which faction is rightfully in office: Possession of corporate records is a practical sine qua non to the exercise of corporate power, so closely tied to the right to office that one without the other has scant value, and determination of the right to one can scarcely occur without granting the other as an inevitable corollary.
It has been long settled in this State that where a controversy cannot finally be determined without trying out the title of corporate directors and officers equity has no jurisdiction (Tappan v. Gray, 9,Paige Ch. 506; Ciancimino v. Man, 1 Misc. 121; Model Bldg, & Loan Assn. v. Patterson, 12 Misc. 400; Moir v. Provident Sav. Life Assur. Soc., 127 App. Div. 591; Merchants Loan & Invest. Corp. v. Abramson, 214 App. Div. 252). The rights to such offices are legal, not equitable, and are to be determined by an action at law in the nature of quo warranto (Civ. Prac. Act, § 1208) or under the somewhat quicker provisions of section 25 of the General Corporation Law.
There has been suggestion that a court of equity, having jurisdiction upon some recognized equitable ground, will not refuse, as incidental to such jurisdiction, to determine who are rightful corporate officials. The First Department reserved some doubts as to whether the suggestion had the support of authority (see Moir v. Provident Sav. Life Assur. Soc., 127 App. Div. 591, 603, supra), but the extent to which our courts have been willing to go appears to have been injunctive restraint-exercised favorably to de facto officials, and then only until the opposing rights could be properly adjudicated in law (Ciancimino v. Man, 1 Misc. 121, supra; Model Bldg. & Loan Assn. v. Patterson, 12 Misc. 400, supra), and in People v. Albany & Susquehanna R. R. Co., (57 N. Y. 161), the Court of Appeals terminated a consideration of the question by commenting: “ that no *50 form of equitable relief could be founded on a disputed title to corporate office ” (p. 172). At least, if there are disputed questions of fact to be tried — as there are here — either section 1208 of the Civil Practice Act (quo warranto) or section 25 of the General Corporation Law provides the proper proceedings (see Sheehy v. Town of Hamburg, 134 Misc. 762, 764), they are specifically schemed to test the validity of corporation elections, particularly where factual disputes exist, and the provisions of article 78 of the Civil Practice Act (mandamus) obtain only where no other remedy is specifically provided (Heller v. Clark Merchandisers, 9 Misc 2d 106, 108).
The right to office herein should be determined by either of the two legal steps available — as a condition precedent to seeking the right to possess the corporate records; not the reverse, which would be the result if the right to office was determined as an incident to the instant proceedings.
It is interesting to note that in the sole authority submitted on behalf of the petitioner, where delivery of corporate records were sought and obtained through mandamus, a court determination had already been had, declaring the petitioners, as a matter of law, to be the rightful corporate directors {Matter of Journal Pub. Club, 30 Misc. 326). Petition denied, without prejudice to ultimate reapplication following adjudication herein indicated, with $10 costs.